STATE *vs.* EDWARD J. McCANN.

1. CRIMINAL LAW—WEIGHT OF EVIDENCE.

The burden is on the state to show by the evidence to the jury's satisfaction beyond a reasonable doubt that accused committed the acts charged in the indictment.

2. INTOXICATING LIQUORS—REGULATION OF SALOONS—SCREENING VIEW.

Under Act April 24, 1889, 18 *Del. Laws*, c. 555 [*Rev. Code* 1852, amended to 1893, *p.* 416] § 4, requiring saloon keepers to keep their principal place of business "so as to be seen fully and easily by passers-by," and not to obstruct such view by blinds, etc., the place should be kept so that the interior may be seen by the ordinary passer-by, the general public, including short people, as well as tall people.

3. CRIMINAL LAW—REASONABLE DOUBT.

An accused is entitled to the benefit of a reasonable doubt, and if the jury as fair-minded and conscientious men have a reasonable doubt as to guilt, they should acquit.

4. CRIMINAL LAW—"REASONABLE DOUBT."
By "reasonable doubt" is meant such a doubt as fair-minded and conscientious men may feel after fully discussing the case, and not some speculative, fanciful doubt.

(*March* 26, 1914.)

Judges BOYCE and CONRAD sitting.
*Josiah O. Wolcott*, Attorney General, for the state.
*John W. Brady* for the plaintiff.
Court of General Sessions, New Castle County, March Term, 1914.

Edward J. McCann was indicted for violating the statute requiring saloons to be kept so that the interior may be seen by passers-by and prohibiting the view from being obstructed.

INDICTMENT (No. 41, March Term, 1914) for violating *Section* 4, *Chapter* 555, 18 *Del. Laws*, (*Rev. Code* 1852, amended to 1893, *p.* 417), known as the "Screen Law".

CONRAD, J., charging the jury:
Gentlemen of the jury:—Edward J. McCann stands charged under this indictment with the violation of a statute of this state, passed in 1889, which provides that "every person licensed under this act shall keep his principal place of business, so as to be seen fully and easily by passers-by, and shall not obstruct such view by screens, blinds, inside shutters, frosted glass, or any other device, of whatsoever kind or character." Ordinarily we call it the screen act, and the defendant is charged with the violation of that act.

The issue in this case is a very simple one. We want you to disabuse your mind of every other issue than the one that is in this case. The matter of the sale of intoxicating liquor, the matter of its desirability or undesirability, is not in issue in this case. The matter of your predilections either against drinking or for drinking liquor is not in this case. The sole question here is whether Edward J. McCann, the party charged, under this indictment, has kept his principal place of business so open and free from obstruction as to be seen fully and easily by passers-by. If he has done that, he is not guilty.

[1] The burden is upon the state to show to your satisfaction, by the evidence, beyond a reasonable doubt, that this man did exactly what he is charged with; that is, by reason of some device or an obstruction of some kind, the view of his saloon or principal place of business, was not fully and easily discernible to the ordinary passer-by.

[2] This law applies to ordinary passers-by, tall people, as well as short people, and you should be reasonable in the meaning and application of this act. It applies to the ordinary passer-by,—the general public.

The statute provides that the principal place of business of a licensed liquor dealer shall be kept in such a way as to be fully and easily seen by passers-by and such view shall not be obstructed by screens or any other devices. The court cannot think of any language more simple or more easily understood. The view of the principal place of business is to be unobstructed and so open and clear that it can be fully and easily seen by ordinary passers-by; that is, by the public which passes by, and the public is composed of men and women of all sizes. The statute provides that the principal place of business shall be kept in view of passers-by, and that means that the principal place of business shall be readily seen by or observed by the public, and that anything which tends to hinder or block or obstruct the full and easy view would be a violation of the statute.

[3, 4] The accused is entitled to the benefit of a reasonable doubt. You are to take this matter into consideration, and discuss and consider and weigh the evidence that has been adduced before you, and after you have done all that if, you as fair-minded, reasonable and conscientious men, aiming to do your duty, have a reasonable doubt as to the guilt of the accused, you should give him the benefit of the doubt. That is what is meant by reasonable doubt—not some far-away, speculative, fanciful doubt that may rest in your minds, but a reasonable doubt, such as fair-minded, conscientious men may feel after a full discussion of the case.

The matter is left with you for your determination, with the

expectation that you will do your duty and if possible agree upon a verdict.  We expect you to do that.

Verdict, guilty.