STATE, Respondent, v. WROBEL, Appellant.

*May 1—June 2, 1964.*

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

For the respondent the cause was argued by *Donald W. Steinmetz,* assistant district attorney of Milwaukee county, with whom on the brief were *George Thompson,* attorney general, and *William J. McCauley,* district attorney.

HALLOWS, J. The case turns upon an interpretation of sec. 176.32 (1), Stats. 1961.[1] The section prohibits persons under the age of twenty-one from being on tavern premises excepting three general classifications, *i.e.,* (1) a minor who is a resident, employee, or a *bona fide* lodger or boarder on the premises of such licensed person, (2) a minor accom-

---

[1] "176.32 PRESENCE IN PLACES OF SALE PROHIBITED; PENALTY. (1) Every keeper of any place, of any nature or character whatsoever, for the sale of any intoxicating liquor, who shall either directly or indirectly suffer or permit any person of either sex under the age of 21 years, unaccompanied by his or her parent, guardian or spouse, of whom one shall be 21 years of age, or suffer or permit any person to whom the sale of any such liquors has been forbidden in the manner provided by law, who is not a resident, employe, or a bona fide lodger or boarder on the premises of such licensed person, to enter or be on such licensed premises for any purpose, excepting the transaction of bona fide business other than amusement or the purchase, receiving or consumption of edibles or beverages, shall, for every such offense, be fined not exceeding $250 or imprisoned not exceeding 60 days; and any such person so remaining as aforesaid, who is not a resident, employe, or a bona fide lodger or boarder on the premises, or who is not accompanied by his or her parent, guardian or spouse, of whom one shall be 21 years of age, shall be fined not more than $20 or imprisoned not exceeding 30 days. This section shall not apply to hotels, drug stores, grocery stores, bowling alleys, cars operated on any railroad, regularly established athletic fields or stadiums nor to premises operated under both a 'Class B' license and a restaurant permit where the principal business conducted therein is that of a restaurant. It shall be presumed, however, where such premises are so operated under both a 'Class B' license and a restaurant permit, that the principal business conducted therein is that of the sale of intoxicating liquor, until such presumption is rebutted by competent evidence."

panied by an adult parent, guardian, or spouse, (3) a minor engaged in *bona fide* business on the premises other than amusement or the purchase, receiving or consumption of edibles or beverages.

It is argued by the defendant the minor band members were employees and therefore came under the exception. We must disagree. We think the exception of an employee because of its association with the words "resident" or "bona fide lodger or boarder" meant an employee who had a more or less permanent connection with the premises by virtue of some relationship with the licensed person. Over this class of people the tavernkeeper would have some general supervision and control and they would essentially not be on the premises as a customer or patron. An employee of the licensed person would fit this class; an employee of another might not. The minor band members were not employees of the defendant and hence the exclusion does not apply.

The members of the band were not patrons or customers and if the section is to apply to them they must come under the exclusion of transacting a *bona fide* business other than amusement or the purchase, receiving, or consumption of edibles or beverages. We view the word "amusement" as referring to the same class of activity as "purchase, receiving, or consumption of edibles or beverages." Such activities refer to the reason or purpose of being a patron or customer. The band members were not in the tavern to amuse or enjoy themselves but to work by furnishing music for the amusement and enjoyment of others. If a tavernkeeper may hire a minor to work in the tavern, it is not illogical that he may hire a band composed of some minors to play in his tavern.

The legislative history of the statute bears out the interpretation that the section was aimed at minor patrons. Subsequent amendments were aimed at promoting the enforcement of the statute. As originally proposed, the statute applied to every place licensed to sell intoxicating liquor. It

was amended before it was originally enacted so the terms would not apply to hotels, restaurants, grocery stores, and bowling alleys. By amendment in 1943, drugstores and railroad cars were exempted.[2] In 1951 "regularly established athletic fields or stadiums" were removed from the purview of the statute [3] and in 1963 ski chalets were likewise exempted.[4] The above places are not the type of place generally known as a tavern but are mostly places where persons under twenty-one years of age go as patrons to be amused or amuse themselves.

As originally enacted the statute imposed a criminal penalty upon a tavernkeeper who allowed a minor "to linger or loiter in or about any barroom or other room on such premises . . ." [5] In 1943 an amendment replaced the "to linger or loiter" clause with the words "to remain" and added the clause which is here under review. In 1951 the statute was again amended [6] and the language "to remain in any barroom or other room on such premises" was replaced with "to enter or be on such licensed premises." These amendments all imply a purpose to keep minors as patrons or customers out of taverns.

The section must be read in its relation with other statutes governing minors and their work. Of significance is sec. 103.69 (3) (1), Stats., which prohibits the employment of minors under the age of eighteen in places where liquor is sold. The statute also prohibits other employment of minors in specified employment below certain ages. This statute makes no reference to minors playing in bands nor does it prohibit minors between the ages of eighteen and twenty-one being employed or from working in a tavern. If a twenty-

---

[2] Ch. 459, Laws of 1943.
[3] Ch. 734, sec. 28r, Laws of 1951.
[4] Ch. 371, Laws of 1963.
[5] Ch. 13, Laws of 1933–1934 (Sp. Sess.).
[6] Ch. 215, sec. 2, Laws of 1951.

year-old minor was prohibited from playing in a band in a tavern one would expect to find the prohibition in this section. We cannot read such a prohibition in sec. 176.32 (1) dealing with the presence of minors in places where intoxicating liquor is sold.

It is a well-known canon of construction that a criminal statute must be strictly construed in favor of the accused. The amusement clause in the section is at best ambiguous. We hold the statute is not violated by the presence of a minor in a band furnishing music in a tavern.

*By the Court.*—Judgment reversed.