BRUCE E. SCHROEDER, District Attorney, Kenosha County
You ask my opinion "with respect to whether or not a violation of Section 176.07 [Stats.] is committed where premises licensed for the sale of intoxicating liquor at retail are so constructed whether by remodeling or by original construction to eliminate any view from the outside during all hours, both during hours of operation and during the hours they are required to remain closed."
It is my opinion that the question you ask should be answered in the negative.
Section 176.07, Stats., provides:
 "BLINDS PROHIBITED WHEN PREMISES CLOSED. No premises licensed for the sale of intoxicating liquor at retail shall, during the days they are required to close or during the hours in which the sale of liquor is prohibited, obstruct by the use of curtains, blinds, screens or in any other manner, a full and complete view of the interior from the outside. During the hours in which the sale of intoxicating liquor is permitted the premises shall be properly and adequately lighted."
Only if the words "in any other manner" appearing in sec. 176.07, Stats., be construed as encompassing the building or remodeling of the licensed premises to eliminate a window or windows providing the complete view can it be said that such *Page 214 
building or remodeling would give rise to a violation of sec. 176.07, Stats. In my judgment, the phrase, "in any other manner," cannot properly be so construed, for reasons hereinafter shown.
First, it should be noted that while a liquor license is peculiarly subject to police regulation, revocation and control (see People v. Ballas (1951), 344 Ill. App. 644, 101 N.E.2d 844,845), a statute such as sec. 176.07, Stats., which is plainly penal, is subject to strict construction. See State v. Bronston
(1959), 7 Wis.2d 627, 633, 97 N.W.2d 504; State v. Minneapolis,St. P. S. S. M. R. Co. (1960), 12 Wis.2d 21, 24,106 N.W.2d 320; State v. Wrobel (1964), 24 Wis.2d 270, 275, 128 N.W.2d 629. Section 176.07, Stats., is penal, for its violation can lead not only to revocation of license under secs. 176.11 and 176.12, Stats., or under sec. 176.121, Stats., but also to criminal prosecution under sec. 176.41, Stats. It follows that "in any other manner," as used in sec. 176.07, Stats., must be strictly construed.
Second, the doctrine of ejusdem generis, as applied to the words "curtains, blinds, screens, or in any other manner" appearing in sec. 176.07, Stats., makes it clear that the phrase "in any other manner" cannot be construed as encompassing the building or remodeling of licensed premises which eliminates the window or windows providing the complete view. The doctrine is, "that, where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind" 28 C.J.S.Ejusdem, at p. 1049. The rationale supporting such doctrine is that, ". . . had the legislature intended the general words [here, "in any other manner"] to be used in their unrestricted sense, it would have made no mention of the particular words [here, "curtains, blinds, screens"], but would have used `only one compendious' expression." 2A, Sutherland Statutory Construction, p. 104 (Bracketed material supplied.) The words "curtains, blinds, screens" appearing in sec. 176.07, Stats., are plainly descriptive only of temporary and readily removable obstructions to a view, placed in a window. Under the doctrine ofejusdem generis, the general words following must be construed as embracing only other obstructions of the same kind, and not permanent elimination of a window or windows. *Page 215 
While the Wisconsin Supreme Court has yet to rule on any aspect of sec. 176.07, Stats., there is case law from other jurisdictions which supports the proposition that a licensed premises may be built or remodeled to eliminate a window or windows providing the complete view. In Shultz v. Cambridge
(1883), 38 Ohio St. Rep. 659, the court dealt with an ordinance prohibiting saloon-keepers from permitting, at, in or about the doors, windows, openings, or in the interior of their saloons "any blind, screen, painted or frosted glass, shade, curtain or other device." Applying the ejusdem generis doctrine to such language, the court had no difficulty in ruling that the words "other device" did not embrace a board partition between different rooms of a building, such partition extending from floor to ceiling, fastened in the usual manner, and intended by the owner, when he placed it in the building, as a permanent accession to the realty. In People v. Brasi (1953), 118 N.Y.S. 2d 608, the court dealt with a statute providing that, "No restaurant licensed to sell liquors and/or wines for on-premises consumption shall be permitted to have: (a) Any screen, blind, curtain, article or thing covering any part of any window on said licensed premises, which prevents a clear and full view into the interior of said premises from the sidewalk at all times." Referring to this statute (and perhaps to other provisions of the New York State Alcoholic Beverage Control Law, too) the court said: "An analysis of the provisions of the statute fails to disclose any provision which makes it mandatory for every licensed premises to have a window through which the interior of the premises can be clearly observed from the street." (118 N.Y.S. 2d at p. 614.) In my judgment, the same thing can be said of sec. 176.07, Stats. Under such analysis the building or remodeling of the licensed premises to eliminate a window or windows affording the complete view would constitute no violation of the statute.
There are, of course, statutes — I would term them the "plain view statutes" — which in clear and unequivocal language require that licensed premises be so maintained as to provide a plain view of the interior of such premises from the street. Thus, in McColl v. Rally Fisher, et al. (1905),127 Iowa 633, 103 N.W. 972, the statute involved required "that the bar where liquors are furnished shall be in plain view from thestreet, unobstructed by screens, blinds, or any other device" (emphasis supplied; 103 N.W. at p. 973); and in State v. McCann
(1914-Del.), 90 A. 81, the statute *Page 216 
involved provided that, "every person licensed under this act shall keep his principal place of business, so as to be seenfully and easily by passers-by, and shall not obstruct such view by screens, blinds, inside shutters, frosted glass, or any other device, of whatsoever kind or character." (Emphasis supplied.) Section 176.07, Stats., clearly is not one of these "plain view statutes," since it does not require, either expressly or by implication, that licensed premises be so maintained as to provide a plain view of the interior from the street. It does provide, as above indicated, that if a window is present on the premises, affording such a view, it shall not be obstructed by the use of temporary and readily removable obstruction. Such a requirement is obviously not the "plain view" requirement of the Delaware and Iowa statutes above mentioned.
BCL:JHM
 *Page 1