FRED A. RISSER, President Wisconsin State Senate
The Senate Committee on Organization requests an opinion on sec. 176.07, Stats., created by ch. 331, Laws of 1979, relating to sale and use of alcoholic beverages.
It specifically asks:
 1. Under s. 176.07, created by Chapter 331, section 45, Laws of 1979, is it illegal for a person between 12:00 midnight and 8:00 a.m. to carry out of a "Class B" licensed premises an intoxicating liquor in an original package, container or bottle, if it was sold before 12:00 midnight, for consumption away from the premises? *Page 169 
2. What constitutes a sale within the meaning of this statute?
Section 176.07 (1), Stats., created by ch. 331, Laws of 1979, states: "Between 12 midnight and 8 a.m. no person may sell intoxicating liquor on "Class B" licensed premises in an original unopened package, container or bottle or for consumption away from the premises."
The definition of a sale is provided in sec. 402.106 (1), Stats., which states in part, "[a]`sale' consists in the passing of title from the seller to the buyer for a price."
Section 402.401, Stats., discusses the passing of title. Section 402.401 (I), Stats., provides:
 Title to goods cannot pass under a contract for sale prior to their identification to the contract (s. 402.501), and unless otherwise explicitly agreed the buyer acquires by their identification a special property as limited by this code. Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest. Subject to these provisions and to the provisions of ch. 409, title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties.
Section 402.105 (1), Stats., provides in part: "`Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale."
Section 402.105 (2), Stats., provides: "Goods must be both existing and identified before any interest in them can pass. Goods which are not both existing and identified are `future' goods. A purported present sale of future goods or of any interest therein operates as a contract to sell."
The language of sec. 402.105 (2), Stats., is consistent with the definition of sale contained in sec. 176.01 (4), Stats.: "The term `sell' or `sold' or `sale' includes the transfer, gift, barter, trade or exchange, or any shift, device, scheme or transaction whatever whereby intoxicating liquors may be obtained, but does not include the solicitation of orders for, or the sale for future delivery of, intoxicating liquors." *Page 170 
Intoxicating liquor in an original package, container or bottle, or for consumption away from the premises, would be "goods" within the meaning of sec. 402.105 (1), Stats. While these goods are existing and movable, they must also be identified before an interest (title to the goods) in them can pass.
Section 402.501, Stats., deals with the manner of identification of goods. Section 402.501 (1), Stats., provides that identification may generally be made in any manner "explicitly agreed to" by the parties. Thus, if an individual asks an owner or employe of a "Class B" licensed premises for a bottle of liquor, the bottle would be identified as goods for the purchaser if, for example, they had agreed that the bottle, placed in a bag and into a cooler, was the purchaser's.
Can there be identification in the absence of explicit agreement? Section 402.501 (1) (a), Stats., provides:
 In the absence of explicit agreement identification occurs:
 (a) When the contract is made if it is for the sale of goods already existing and identified.
The Legislative Council's comment to this subsection provides a most useful explanation of sec. 402.501 (1) (a), Stats. The comment provides in part:
 5. Undivided shares in an identified fungible bulk, such as grain in an elevator or oil in a storage tank, can be sold. The mere making of the contract with reference to an undivided share in an identified fungible bulk is enough under subsection (a) to effect an identification if there is no explicit agreement otherwise.
Wisconsin Legislative Council — 1961 Report.
Thus, if an individual orders a bottle of intoxicating liquor and the bottle is stored with others on a shelf, the identification of the shelf and brand would effect an identification so that the identification requirement of sec.402.105 (2), Stats., would be met.
If the goods exist and are identified, there still must be a passing of title before a sale can occur. Sec. 402.106 (1), Stats. Passing of title is discussed in sec. 402.401, Stats. Within that section subsec. (3)(b) bears directly on the issue: *Page 171 
 (3) Unless otherwise explicitly agreed where delivery is to be made without moving the goods:
. . . .
 (b) If the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting.
The sale is completed, then, (1) at the time and place of contracting if the goods already exist and are identified (sec.402.401 (3)(b), Stats.), or (2) (subject to provisions of sec.402.401 (1), Stats., and ch. 409, Stats.), where buyer and seller, in any manner and on any conditions explicitly agreed on by them for the passing of title, pass the title of goods already existing and identified. (Sec. 402.401 (1), Stats).
We now turn to the first question. Section 176.07 (1), Stats., makes the sale of intoxicating liquor between 12 midnight and 8:00 a.m. illegal. If the sale, as previously discussed, occurred before the proscribed time, carrying out the intoxicating liquor after 12 midnight would not result in a conviction. The law prohibits sale, not carrying out.
The sale of goods is not dependent upon the carrying away of goods. A sale can be consummated even before the delivery of the goods to the purchaser. "It seems clear that, if there is a sale and the buyer has obtained title to the goods, his status as a buyer in ordinary course will not be defeated merely because he has not taken possession." Chrysler Corp. v. Adamatic, Inc.,59 Wis.2d 219, 239, 208 N.W.2d 97, 107 (1973). Where delivery is not an integral part of the transaction, a sale can occur without concurrent delivery. Thus, if a person purchases intoxicating liquor before 12 midnight, the sale will be completed even if the purchaser requests that the seller store the goods in a cooler and the purchaser carries out the already purchased liquor after 12 midnight. But even if delivery were required for the completion of a sale, the concept of constructive delivery would probably fulfill the delivery requirement and provide a defense to prosecutions. "Constructive delivery is a general term comprehending all those acts which, although not truly conferring a real possession on the vendee, have been held by construction of law equivalent to acts of real delivery." Lakeview Gardens v.State ex rel. Schneider, 221 Kan. 211, *Page 172 557 P.2d 1286, 1290 (1976). In Lakeview, the court reiterated holdings of previous authority by stating:
 There may be a completed delivery although goods remain in the possession of the seller if the seller's possession is as an agent or at the request of the buyer under an agreement to store or care for the property, and nothing further remains to be done by either party to complete the sale.
557 P.2d at 1290-91.
In conclusion, it appears that the only way a person could be convicted for a violation of sec. 176.07 (1), Stats., created by ch. 331, Laws of 1979, would be by proof that that person was involved in a sale of liquor after 12 midnight. A sale of liquor before 12 midnight would not disallow the carry out of that liquor after 12 midnight.
Although the Committee was not requested to ask my advice concerning sec. 66.054 (10)(d), Stats., which contains identical prohibitions concerning fermented malt beverages, it is my advice that the same reasoning and conclusions apply to situations under that statute regarding the sale of beer as are stated above regarding the sale of intoxicating liquor.
While secs. 28 and 45 of ch. 331, Laws of 1979, were commonly referred to as the carry-out law and it may have been the intent of the drafter to prevent the carrying out of intoxicating liquor and fermented beverages between 12 midnight and 8 a.m., the foregoing conclusions suggest that it may be difficult to obtain a conviction if the only proof is the fact of the carry-out after 12 midnight. Violation of sec. 66.054 and ch. 176, Stats., can result in a fine of not more than $500 or county jail imprisonment of not more than ninety days. We are thus dealing with statutes of a penal nature and must therefore construe them strictly against the state. State v. Wrobel, 24 Wis.2d 270,128 N.W.2d 629 (1964). I would suggest that if further amendments are contemplated, specific language be used to spell out exactly what is proscribed.
BCL:WHW:NB *Page 173