HAGENKORD, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 79–808–CR. Submitted on briefs November 7, 1979.—*
*Decided December 20, 1979.*
(Also reported in 287 N.W.2d 834.)

† Petition to review granted.

For the plaintiff in error, the cause was submitted on the briefs of *Bryan J. Borman* of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with whom in the brief was *Kirbie Knutson,* assistant attorney general.

Before Decker, C.J., Moser, P.J. and Cannon, J.

DECKER, C.J.   After a trial by jury, defendant Allen L. Hagenkord was convicted of first-degree sexual as-

sault in violation of sec. 940.225 (1) (a), Stats., and of injury by conduct regardless of life in violation of sec. 940.23. Defendant challenges his convictions upon three grounds: (1) the evidentiary use of hospital records of examination and treatment of the victim and explication by a witness unrelated to the records preparation was a denial of the defendant's constitutional confrontation rights; (2) the evidence was insufficient to support a finding of sexual intercourse as alleged in count one of the information charging first-degree sexual assault; and (3) injury by conduct regardless of life is a lesser-included crime of first-degree sexual assault and defendant could not properly have been convicted of both. We reject all three grounds and affirm.

This appeal involves no factual disputes, although the evidence on trial was in sharp dispute. Therefore, we need only consider the testimonial version of the occurrence that supports the jury's finding of guilt. The victim, a widow, was acquainted with the defendant who had been a friend of her deceased husband. Their meeting at a neighborhood tavern was not prearranged. Shortly before midnight, the defendant asked the victim to take him home in her automobile. He directed her to the general vicinity of his residence and then repeatedly struck her face and head, and also choked her after forcibly pulling her from the front seat to the rear seat of the vehicle. She lost consciousness and was unable to testify whether the defendant had sexual intercourse with her.

The victim regained consciousness several hours later and discovered that she was nude except for wearing a pair of anklets. She was bleeding from her injuries. She was able to partially dress herself before a police vehicle arrived. The police officer summoned an ambulance and she was conveyed to Milwaukee County Hospital. The interior of the vehicle was profusely blood-stained, and a

tire iron found in the vehicle was stained with blood of her type, and a human hair with characteristics consistent with samples of the victim's hair was stuck to the tire iron.

The hospital records of the victim's examination and treatment were filed with the court pursuant to sec. 908.03(6m), Stats., and the defendant was notified. The records established that the victim had sustained cuts and bruises to her face, multiple fractures to facial bones, double vision, lacerations and contusions to her vaginal area and the presence of spermatozoa in the vaginal specimen obtained from her body.

## LESSER-INCLUDED CRIME

Defendant has made the following concession in his brief:

In the instant case the complaint and proof show that [the victim] gave a ride home to the defendant who had been a friend of her deceased husband, that during that ride home the defendant, without provocation, repeatedly beat [the victim] with a tire iron about her face and head, dragged her into the back seat of her car, continued beating her and choked her until she passed out, and then had sexual intercourse with her without her consent. As a result of the assault she lost considerable blood, spent over a week in the hospital, suffered fractures of bones in her face, and suffered what was at the least a protracted impairment of her left eye. *This conduct constituted a violation of sec. 940.225(1)(a), Stats., and of sec. 940.23, Stats.* [Emphasis supplied.]

We accept that concession as establishing the sufficiency of the proof to convict the defendant of injury by conduct regardless of life, contrary to sec. 940.23, Stats. The only issue raised is whether the proof of that offense precludes conviction of first-degree sexual assault because the former is a lesser-included crime of the latter.

Our supreme court has applied a lesser-included offense test which requires that all of the elements of the lesser-included offense be elements of the greater offense.[1]

Injury by conduct regardless of life (sec. 940.23, Stats.) contains the statutory element that the conduct must "evinc[e] a depraved mind."[2] That element is not a statutory element of first-degree sexual assault (sec. 940.225(1)(a)). It is irrelevant that the evidence in this case establishes that the conduct of the defendant evinced a depraved mind regardless of human life, for the point to be made is that the statutory elements of the two crimes are different.[3] Additionally, because a first-degree sexual assault can occur because of nonconsensual sexual intercourse by virtue of causing pregnancy and without causing great bodily harm to the victim, it cannot be said that it is "utterly impossible" to commit the greater crime without committing the lesser crime.[4] We find that injury by conduct regardless of life is not statutorily within the crime of first-degree sexual assault and therefore, not a lesser-included crime as defined by sec. 939.66(1), Stats.

## EVIDENCE OF SEXUAL INTERCOURSE

The evidence established that the defendant viciously beat and choked the victim and dragged her from the

[1] *Randolph v. State,* 83 Wis.2d 630, 266 N.W.2d 334 (1978).

[2] *State v. Verhasselt,* 83 Wis.2d 647, 663, 266 N.W.2d 342, 350 (1978); *Randolph, supra* note 1 at 641, 266 N.W.2d at 339.

[3] *Verhasselt, supra* note 2 at 664, 266 N.W.2d at 350; *Randolph, supra* note 1 at 640, 266 N.W.2d at 339; *Austin v. State,* 86 Wis. 2d 213, 222, 271 N.W.2d 668, 672 (1978).

[4] *Verhasselt, supra* note 2 at 665, 266 N.W.2d at 350; *Randolph, supra* note 1 at 645, 266 N.W.2d at 341; *State v. Smith,* 55 Wis.2d 304, 310, 198 N.W.2d 630, 633 (1972).

front seat to the rear seat of the automobile. The victim then lost consciousness for several hours. She was unable to give direct evidence of sexual intercourse, but there is strong circumstantial evidence of that element of the crime in the combination of (1) the described conduct of the defendant in beating and dragging her into the rear seat; (2) her testimony that when she regained consciousness she was nude except for wearing ankle socks; (3) the evidence of excoriations, abrasions and contusions in the vaginal area; and (4) the evidence of spermatozoa in her vagina.

The victim was conveyed by ambulance from the scene to a hospital where she was admitted as a patient, and a vaginal specimen taken from her revealed the presence of spermatozoa. The victim's testimony that her last act of sexual intercourse was with her husband the night before he was killed in an industrial accident six months earlier, was never challenged in cross-examination. The hospital records also established that there were excoriations, abrasions and contusions in the victim's vaginal area.

In argument to the jury, counsel for the defendant conceded that someone had beaten and had sexual intercourse with the victim.

We conclude that the sum of that evidence is ample and sufficient to establish sexual intercourse beyond a reasonable doubt and to support the jury's verdict of guilt with respect to first-degree sexual assault.

Evidence of the presence of spermatozoa and the chafing, abrading, and contusing to the vaginal area was received through the hospital reports, pursuant to a statutory hearsay exception. Objection to the records was made upon a confrontation basis. We proceed to a consideration of that issue.

## DENIAL OF CONFRONTATION RIGHT

Dr. Steingraeber of the hospital's GYN Department made the vaginal examination of the victim and reported the physical findings with respect to injuries to the vaginal area and supervised the preparation of the specimen slides that were sent to the laboratory for examination. The laboratory report reveals that Kenneth J. Silver, Bacteriologist III, analyzed the specimen and determined the presence of spermatozoa.

As we have noted earlier in this opinion, the defendant has conceded that the evidence of the other injuries sustained by the victim, primarily to her face and head, sustain the jury's verdict of guilt with respect to injury by conduct regardless of life. Even if that concession was not made, the evidence of the victim's injuries obtained from witnesses who testified and were subject to cross-examination amply supported the jury's verdict beyond any reasonable doubt. For those reasons there was no denial of the defendant's confrontation rights with respect to the crime of injury by conduct regardless of life.

During the trial a senior medical student was called on as a witness for the state. He was asked to explain some medical terms in the reports and described the area of the body to which the terms referred. We construe his expertise arising from his senior medical student status as no more than a medical lexicographer and of no substantive evidentiary significance in the trial. He was available for cross-examination with regard to the explicated terms and there was no confrontation problem with his testimony. We need concern ourselves only with the reports of Steingraeber and Silver as denials of confrontation rights of the defendant in the context of their evidence received through the medium of the hospital rec-

ords which afforded circumstantial evidence of sexual intercourse with the victim by the defendant.

It is important to note that in this case the claims of denial of confrontation are not interposed in connection with information elicited from a person that describes or relates conduct of the defendant relevant to the offense for which he is on trial. We view this evidence, to which the confrontation denial objection was made, as establishing secondary facts (injuries to the vaginal area and the presence of spermatozoa in the vagina) [5] from which sexual intercourse with the victim may be inferred. It is other evidence, direct evidence, of the presence of the defendant and his attack upon the victim that implicates him. Absent the direct evidence of the defendant's involvement, the medical records evidence could not inculpate the defendant of all or any of the elements of the crime.

A claim of denial of a confrontation right should, like any other objection to the receipt of evidence, reasonably apprise the trial judge of the basis for the objection, unless that basis is self-evident. [6] The huntsman's cry, "Tallyho, the fox" points to the need for the knowledge of specific circumstances at hand, although all the riders in earshot know their common purpose. In this case, the

---

[5] The defendant has never contended in the trial court or on this appeal that the presence of the spermatozoa in the victim's vagina could have been attributable to sexual intercourse at a time remote to the time of the crime involved in this case. Nonetheless, we thought it appropriate to reassure ourselves that such omission was not an oversight. Our research has provided that reassurance. In A. Davies and E. Wilson, "The Persistence of Seminal Constituents In The Human Vagina," Forensic Science, No. 3, pp. 45-55 (1974), the authors relate that spermatozoa seldom is found in the vagina more than forty-eight hours after sexual intercourse. *See also* Moenssens, Moses and Inbau, "Scientific Evidence in Criminal Cases," p. 264 (1973).

[6] Sec. 901.03 (1) (a), Stats.

defendant's rallying cry was merely "denial of confrontation right of cross-examination." In a civil case, the equivalent challenge is "hearsay denies any cross-examination rights." Either challenge may say everything simultaneously while saying nothing. Confrontation of one's accuser is sometimes fulfilled in part merely by the presence of that witness in the courtroom testifying under oath. However, cross-examination is the means by which the right of confrontation is ordinarily effectuated.[7] We do not view the right of confrontation as equated with the invariable right to cross-examination. To do so would overlook the United States Supreme Court's teachings that some hearsay exceptions, which necessarily deny exercise of the right of cross-examination, fulfill the confrontation right.

We believe that the right of confrontation is a rule of preference for testimony in a criminal case that is subject to cross-examination. Nonetheless, testimony which qualifies as a hearsay exception may be admissible for the same reasons of need and trustworthiness, although not subject to cross-examination. In some instances the circumstantial guarantees of trustworthiness that underpin a specific hearsay exception may be sufficient to justify its admissibility. In other instances, the evidence ought to be considered in the multiple context of many of the circumstantial guarantees that may underpin the particular evidence and the particular hearsay exception. A multiplicity of circumstantial guarantees of trustworthiness underpinning a particular item of evidence may afford the indicia of reliability that justifies receipt of the evidence, although the preference would ordinarily be for evidence that affords opportunity for cross-examination.

[7] *Nabbefeld v. State*, 83 Wis.2d 515, 522, 266 N.W.2d 292, 296 (1978); *State v. Olson*, 75 Wis.2d 575, 586, 250 N.W.2d 12, 18 (1977); *State v. Lenarchick*, 74 Wis.2d 425, 437, 247 N.W.2d 80, 87 (1976).

Unquestionably an objection upon grounds of denial of cross-examination rights will sometimes, but not invariably, explicate the reason for the objection. To hold that a mere claim of confrontation denial invariably fulfills a specific objection in criminal cases would constitutionalize the ban on hearsay provided by sec. 908.02, Stats., and in criminal cases invalidate the statutory and common-law hearsay exceptions that have been expressly held not violative of the constitutional right of confrontation.[8]

Distinctions between the sixth amendment confrontation right and the fourteenth amendment due process clause in the application of either or both amendments to the admission or exclusion of evidence, frequently blur and obscure a precise application of either. The defendant has implicated both amendments by stating the issue of confrontation denial as resulting in an unfair trial. The interplay of those amendments in the evidentiary context of this case requires evaluation of the evidence for the purposes of consideration in the following frames of reference: Is the admitted evidence "crucial" or "devastating?"[9] Does the "evidence [tie] the defendant directly to the crime?"[10] Is there "a satisfactory basis for evaluating the truth of the . . . statement?"[11] Do "considerations of public policy and the necessities of the case" suggest admitting the evidence?[12] Does the admitted or excluded evidence result in undermining the "accuracy of the truth-determining process" or the "in-

---

[8] *E.g.*, *Dutton v. Evans*, 400 U.S. 74 (1970); *California v. Green*, 399 U.S. 149 (1970); *Mattox v. United States*, 156 U.S. 237 (1895); *Mattox v. United States*, 146 U.S. 140 (1892).

[9] *Dutton, supra* note 8 at 87 [quoted in *Olson, supra* note 7 at 593, 250 N.W.2d at 21].

[10] *Olson, supra* note 7 at 590–91, 250 N.W.2d at 20.

[11] *Mancusi v. Stubbs*, 408 U.S. 204, 213 (1972) [quoting *California v. Green, supra* note 8 at 161].

[12] *Mattox v. United States*, 156 U.S. at 243.

tegrity of the fact-finding process?"[13] Has an exclusionary rule denied an accused an effective opportunity for cross-examination with respect to credibility?[14]

The United States Supreme Court has, in sum, described the evaluation process as a search for "indicia of reliability."[15] To say, as we do, that there is a similarity betwen "indicia of reliability" and the "necessity" and "circumstantial trustworthiness" considerations that underpin all of the hearsay exceptions is not to equate the hearsay exceptions with fulfillment of the confrontation and procedural due process clauses. To do so would deny a defendant in a criminal case the constitutional guarantees specified for his benefit and protection.

Proscription of hearsay and the development of exceptions to the proscriptive rule have evolved in the past three and one-half centuries. It is only in recent legal history that the right of confrontation has been recognized as something other than a constitutional embodiment of the hearsay rule and its exceptions.[16] No specific methodology has evolved for distinguishing one rule from the other. Indicia of reliability has been fulfilled in some instances by the necessity and circumstantial guarantees of trustworthiness that attend some hearsay exceptions, but not others.

The discretion to admit or deny evidence in any context is an explicated reasoning process. Courtroom incantations of "confrontation denial" or "hearsay," except in a self-evident situation, afford no basis for

[13] *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973); *Olson, supra* note 7 at 588, 250 N.W.2d at 19.

[14] *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

[15] *Dutton, supra* note 8 at 89; *Mancusi, supra* note 11 at 213.

[16] *See Bergeron v. State*, 85 Wis.2d 595, 616, 271 N.W.2d 386, 394 (1978); *Virgil v. State*, 84 Wis.2d 166, 185–86, 267 N.W.2d 852, 862 (1978); *Nabbefeld, supra* note 7 at 521–22, 266 N.W.2d at 295–96; *Olson, supra* note 7 at 585–88, 250 N.W.2d at 18–19; *Lenarchick, supra* note 7 at 432, 247 N.W.2d at 84–85.

alerting a trial judge to the evaluation process to be undertaken beyond assuring compliance with the foundational requirements to the appropriate hearsay exception or other rule permitting admission or requiring exclusion. No such direction was given to the trial court by the bare-bones generalized and nonspecific objection in this case.

We have already demonstrated that the medical records evidence of injuries to the vaginal area and the presence of spermatozoa are circumstantial links with other evidence which establish sexual intercourse which is one of the elements of the charged crime. Absent those circumstantial links there would be no evidence of an element of the crime and therefore if erroneously received, it cannot be harmless error. On the other hand, although providing essential circumstantial links to the act of sexual intercourse with the victim, it does not appear with certainty that the evidence is crucial and devastating *to the defendant*. The evidence crucial and devastating to the defendant in this case is the victim's testimony that the defendant beat her into unconsciousness and that when she regained consciousness she was nude. The records do not directly establish that the defendant injured the vaginal area of the victim, nor does the medical record indicate that the spermatozoa was from the defendant. Of course if the medical records were false or without a reasonable foundation, the evidence might then be crucial and devastating to the defendant.

In *Virgil v. State*, 84 Wis.2d 166, 267 N.W.2d 852 (1978) the majority opinion, the concurring opinion and the dissenting opinion agree that in the absence of an objection, a denial of confrontation presents a discretionary consideration of the application of the plain error rule. In our view the lack of an offer of proof or an explication of the reasoning underpinning the objection paral-

lels the lack of an objection. In *Virgil* a majority of the supreme court concluded that the record of the evidence was sufficient to invoke the plain error rule. In this case we think the record is inadequate to determine whether the plain error rule should or should not be invoked. We think it incumbent upon the defendant in this case to establish an adequate record. For that reason we remand to the circuit court to afford the defendant an opportunity for an evidentiary hearing.

The vicious beating and choking administered to the victim has been conceded by the defendant to sustain the proof requirements of great bodily harm for both crime convictions. Hospital records were utilized in this case to establish matters that require the expertise of a physician and a laboratory technician. Their reports apparently were made in writing, subscribed in one instance by the physician and in the other by the laboratory head, pursuant to their patently routine duties, reasonably contemporaneously with the examinations and proximate to the criminal occurrence. We also have in mind the concessions made upon behalf of the defendant in his brief and in the closing argument to the jury which make the beating of the victim and sexual intercourse with her by someone undisputed.

The defendant has offered no enlightenment as to how the receipt of these medical records either denied "fair play" to the defendant, or adversely affected "the accuracy of the truth-determining process" or "the integrity of the fact-finding process." No such representations were made to the trial court, nor have they been made to this court. At the trial, on the motion for a new trial, in the defendant's brief on appeal, defendant has never explicated how the receipt of the medical records denied him his confrontation rights other than a generalized assertion of denial of the right to cross-examine.

Nonetheless, we consider it appropriate to afford to the defendant an evidentiary hearing in which he is

provided the opportunity to establish that the evidence of Dr. Steingraeber's examination or the report of the specimen slide examination by Bacteriologist Silver was untrustworthy. We expect that such evidence will be provided by testimony from those persons, if available, and from such others that the defendant believes appropriate. Such a hearing will afford the trial court an opportunity to evaluate the testimony in the context of a confrontation denial that the defendant's inadequate objection failed to trigger. We are also mindful that such evidence was never tendered to the trial court in connection with the defendant's postconviction motion.

*By the Court.*—Judgment affirmed; order reversed and cause remanded.