STATE of Wisconsin, Plaintiff-Respondent,

v.

Clint Michael OLSON, Defendant-Appellant.†

Court of Appeals

*No. 80–1361–CR. Submitted on briefs January 8, 1981.—*
*Decided June 19, 1981.*
(Also reported in 308 N.W.2d 917.)

† Petition to review granted.

456

For the defendant-appellant the cause was submitted on the briefs of *John E. Tradewell,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nancy L. Arnold,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   During the late evening of June 30, 1979 defendant, in company with his teenage companions, drove a truck from Cooksville to the outskirts of Stoughton without the consent of its owner, defendant's truck having broken down while he was returning to his home in Stoughton. The evidence is conflicting as to whether defendant knew before he stopped that he was being pursued by the police. He was subsequently charged and convicted of violating sec. 943.23(1), Stats., operating a vehicle without the owner's consent, and appeals from the judgment and order denying postconviction relief.

The issues raised by defendant involve the meaning of "abandons" and the interplay of the subsections of sec. 943.23, Stats., which provides:

(1)  Whoever intentionally takes and drives any vehicle without the consent of the owner is guilty of a Class E felony.
(2)  Whoever violates sub. (1) and abandons a vehicle without damage within 24 hours is guilty of a Class A misdemeanor.

Defendant contends that the complaint and information charging a violation of sec. 943.23(1), Stats., should have negated the existence of an exception to the crime created by subsec. (2); that the evidence was insufficient to bind him over for trial; that the evidence at the trial was insufficient for the jury to find him guilty, and that the jury's instructions and the prosecutor's arguments misstated the law. Finding no reversible error, we affirm.

## 1. *Criminal Offense Properly Charged*

The complaint and the information alleged that the defendant "did feloniously and intentionally take and drive a motor vehicle being a Ford truck without the consent of the owner . . . contrary to sec. 943.23 (1)."

Defendant contends that sec. 943.23 (2), Stats., creates an exception to the crime defined by sec. 943.23 (1). Because the charging documents failed to allege that he did not abandon the vehicle undamaged within twenty-four hours, defendant contends that the complaint and information are fatally defective. He relies on the rule that the state must recite all the elements of the crime, *Champlain v. State,* 53 Wis.2d 751, 754, 193 N.W.2d 868, 871 (1972), including the nonexistence of facts which constitute a statutory exception to the crime. *State v. Williamson,* 58 Wis.2d 514, 524, 206 N.W.2d 613, 618 (1973); *Jensen vs. The State,* 60 Wis. 577, 579, 19 N.W. 374 (1884).

Violation of sec. 943.23 (1), Stats., is a crime which continues until it is terminated. The elements of the crime are (1) intentionally taking and driving a vehicle, (2) without the owner's consent, knowing that such consent has not been obtained.[1] Abandonment is not an element of the crime. Abandonment is a terminating circumstance which affects the consequences of, but does not excuse, exempt or except the defendant from having committed, the crime of taking and driving a vehicle without the owner's consent. The crime is a misdemeanor if terminated by abandonment under the circumstances prescribed by sec. 943.23 (2) and a felony if it is not so terminated.

Assuming that sec. 943.23 (2), Stats., creates an exception to sec. 943.23 (1) in the broad sense that abandon-

---

[1] The element of knowledge is not articulated in sec. 943.23, Stats., but was recognized in *Edwards v. State,* 46 Wis.2d 249, 252, 174 N.W.2d 269, 270–71 (1970).

ment removes the crime from its felony classification, the charging documents need not negate the existence of the exception if the facts as to the exception are peculiarly within the knowledge of the defendant. *Williamson,* 58 Wis.2d at 524, 206 N.W.2d at 618.

Whether a defendant has abandoned a vehicle without damage within twenty-four hours may involve facts peculiarly within his or her knowledge. The taking and abandonment are usually furtive. The times of taking and abandonment are consequently often solely within the knowledge of the taker. Whether the taker had the appropriate mental state for abandonment and whether the vehicle was undamaged when abandoned, even if damaged when reclaimed, are matters peculiarly within the taker's own knowledge.

We conclude that a complaint and information charging a violation of sec. 943.23(1), Stats., need not allege the defendant's failure to abandon the vehicle without damage within twenty-four hours.

## 2. *Sufficiency Of Evidence To Bind Over*

Defendant contends that the evidence at the preliminary examination showed that the truck was abandoned in an undamaged condition within twenty-four hours of its taking. He argues that he could not be charged with violating sec. 943.23(1), Stats., when that evidence showed at most a violation of sec. 943.23(2).

Officer Anderson testified at the preliminary that shortly after he learned that the truck had been stolen, it passed his squad car from the opposite direction. He made a U-turn, pursued the truck, and saw it stop. When Anderson pulled up to the truck, two persons ran from it. Defendant was one of the two. The undamaged truck was recovered within two hours after it was taken.

Concluding that a vehicle is not "abandoned" for purposes of sec. 943.23(2), Stats., unless its possession has been relinquished voluntarily, the trial court inferred that defendant left the truck to avoid arrest, found that defendant was probably guilty of a felony under sec. 943.23 (1), and bound him over for trial.

Competent evidence existed for the trial court to find that defendant left the truck to avoid arrest and therefore did not relinquish it voluntarily. Our review of the sufficiency of the evidence ends at this point, if the trial court correctly interpreted the law as to abandonment. "When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence." *Lofton v. State,* 83 Wis.2d 472, 480, 266 N.W.2d 576, 579 (1978) ; *State v. Olson,* 75 Wis.2d 575, 584, 250 N.W.2d 12, 17 (1977) ; *State ex rel. Hussong v. Froelich,* 62 Wis.2d 577, 583, 215 N.W.2d 390, 394 (1974).

Defendant contends that sec. 943.23(1), Stats., evinces a legislative intention to punish "joyriders" as misdemeanants where the victim's injury is a brief loss of the vehicle's use and no loss of value occurs through damage. He contends that whether he voluntarily gave up the vehicle is irrelevant to those legislative considerations and that he abandoned it within the meaning of sec. 943.23(2) because he relinquished it with intent to part with it permanently. Defendant relies on the rule that ambiguous penal statutes are strictly construed in favor of the accused. *State v. Wrobel,* 24 Wis.2d 270, 275, 128 N.W.2d 629, 631 (1964).

We may not resort to judicial rules of statutory construction if the statute is unambiguous but must give the words their ordinary meaning. *Wisconsin Bankers Ass'n v. Mut. Savings & Loan,* 96 Wis.2d 438, 450, 291 N.W.2d

869, 875 (1980). Property has not been abandoned, in its ordinary meaning, if it has been taken against the will of its possessor. Abandonment, as used in sec. 943.23 (2), Stats., is a voluntary act.

Moreover, the purpose in making the crime a misdemeanor if terminated by abandonment under sec. 943.-23 (2), Stats., is to encourage joyriders to stop their foolish acts as quickly as possible. That encouragement is best provided if joyriders know a reduced penalty is unavailable if they wait until arrest is likely. It makes little sense to reduce the felony to a misdemeanor if the joyrider has had the time and acumen when facing imminent arrest simply to step outside the vehicle. That would encourage joyriders to risk a police chase for the chance to leave the vehicle before arrest.

We hold that abandonment for purposes of sec. 943.23 (2), Stats., must be a voluntary relinquishment with intent to part permanently with the vehicle. Leaving the vehicle because of the threat of imminent arrest is an involuntary relinquishment. Accordingly, defendant was properly bound over for trial.

### 3. *Sufficiency Of Evidence As To Abandonment*

Defendant concedes that the evidence supports the finding that he operated a vehicle without the owner's consent but contends that the evidence was insufficient for the jury to find beyond a reasonable doubt that he failed to abandon the vehicle.

Abandonment produces a significant difference in the penalty and the stigma for the crime of operating a motor vehicle without consent. Abandonment reduces the crime's two-year maximum penalty as a Class E felony to nine months as a Class A misdemeanor. Secs. 939.50 (3) (e), 939.51 (3) (a), Stats. Because the issue of abandonment

was properly presented, the due process clause of the fourteenth amendment to the United States Constitution requires the state to prove beyond a reasonable doubt the absence of this mitigating factor. *Cf. Mullaney v. Wilbur*, 421 U.S. 684 (1975) (state must prove beyond reasonable doubt the absence of circumstances reducing degree of culpability for generic crime charged if evidence of such circumstances is properly presented).[2] The jury was appropriately instructed that the state was required to meet that burden of proof.

The question on appeal is not whether we are convinced beyond a reasonable doubt by our reading of the record but whether the evidence, considered most favorably to the state, is so insufficient in probative value and force that no jury acting reasonably could be convinced beyond a reasonable doubt. *State v. Bowden*, 93 Wis.2d 574, 582, 288 N.W.2d 139, 142–43 (1980), citing *State v. Koller*, 87 Wis.2d 253, 266, 274 N.W.2d 651, 658 (1979), and *Lock v. State*, 31 Wis.2d 110, 115, 142 N.W.2d 183, 185 (1966). The credibility of the witnesses and the weight of the evidence is for the jury. *State v. Charbarneau*, 82 Wis.2d 644, 650, 264 N.W.2d 227, 230 (1978), citing *Bautista v. State*, 53 Wis.2d 218, 223, 191 N.W.2d 725, 727–28 (1971).

Defendant testified that he and his companions had been swimming and then drinking in a bar the day of his arrest. His truck broke down during their return late that night to Stoughton. After walking a half mile toward Stoughton, they found a cattle truck with keys in it at Cooksville. Defendant drove the truck, with his companions in the back, intending to leave it on the outskirts of Stoughton and walk into town. He testified that he did not see a squad car between Cooksville and

---

[2] *Mullaney v. Wilbur*, 421 U.S. 684, 702 (1975), reached this result, notwithstanding the difficulties in negating "a fact peculiarly within the knowledge of the defendant."

the place on Stoughton's outskirts where he left the truck, his companions told him when leaving the truck that a squad car had gone by, and he began to run when he saw the squad car arriving. A companion who had been riding in the back testified that he saw the squad car before the truck stopped, saw the squad car slow down, was worried that it was pursuing them and wanted to get away.

Officer Anderson testified at the trial that his squad car was equipped with red rooftop lights. The night was bright and the moon was full. He testified to passing the truck from the opposite direction, making a U-turn, and following the truck to the Taylor Lane intersection. He turned on Taylor Lane and saw the truck, with no lights on, parked on Taylor's shoulder about 200 yards north of the intersection. Anderson pulled up to the vehicle, turned on his squad car's spotlights, and saw two persons running. They did not stop when he shouted, "Halt, Police."

The jury could, on the basis of the evidence, be convinced beyond a reasonable doubt that defendant failed voluntarily to abandon the truck.

### 4. *Instruction Proper*

Defendant contends that the trial court erroneously instructed the jury in part that abandonment means "to intentionally give up, desert or relinquish voluntarily." In view of our holding that abandonment must be voluntary for purposes of sec. 943.23(2), Stats., we need not review this claim of error.

### 5. *Improper Argument Cured*

Defendant contends that prejudicial error occurred when the prosecutor argued to the jury that they should

decide the abandonment issue on the basis of which party convinced them of the facts.

The argument followed instructions in which the court advised the jury of the state's obligation to prove defendant's guilt beyond a reasonable doubt. The court immediately admonished the jury that the prosecutor's statement was not to be taken as the law, that the defendant was not required to convince the jury of anything, and that the state's burden was to prove its case beyond a reasonable doubt.

The admonitory instruction was proper. Prejudice to a defendant is presumptively erased from the jury's collective mind when admonitory instructions have been properly given by the court. *State v. Williamson,* 84 Wis.2d 370, 391, 267 N.W.2d 337, 347 (1978). We have examined the record and find nothing to overcome that presumption.

*By the Court.*—Judgment of conviction and order denying postconviction relief affirmed.