STATE of Wisconsin, Plaintiff-Respondent,

v.

Kurt F. HAMILTON, Defendant-Appellant.†

Court of Appeals

*No. 88–0081–CR. Submitted on briefs May 17, 1988.—*
*September 7, 1988.*

(Also reported in 432 N.W.2d 108.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Eugene R. Thompson* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Kurt Hamilton appeals from a judgment of conviction finding him guilty of twice violating sec. 943.37(3), Stats. Specifically, he was convicted of knowingly possessing, with intent to prevent their identification, an in-car stereo and a boom box with altered or removed serial numbers.

Hamilton raises two issues. First, he argues that the jury was improperly instructed that it could find the elements of knowledge and intent if it found similarity among two or more of the items allegedly found in his possession with the serial numbers altered or removed: a microwave, an in-car stereo, and a boom box. The state asserts that the jury instruction issue is waived. We find no waiver. We conclude, however, that an in-car stereo and a boom box can be found similar beyond a reasonable doubt. We therefore find no error and affirm.

Hamilton also argues that charging him with two counts of possession was multiplicious. We hold that multiple charges and punishments are authorized under sec. 943.37(3), Stats.

Section 943.37, Stats., states, in relevant part:

Whoever does any of the following with intent to prevent the identification of the property involved is guilty of a Class A misdemeanor:

. . . .

(3) Alters or removes any manufacturer's identification number on personal property or possesses any personal property with knowledge that the manufacturer's identification number has been removed or altered. Possession of 2 or more similar items of personal property with the manufacturer's identification number altered or removed is prima facie evidence of knowledge of the

alteration or removal and of an intent to prevent identification of the property.

The trial court in effect interpreted the word "similar" in this section to mean having anything in common. It therefore found as a matter of law that a microwave, an in-car stereo and a boom box are similar because they have serial numbers, are portable, electric, and are all sold at American of Madison. In the court's charge to the jury, it instructed the panel that it could find knowledge and intent if it found beyond a reasonable doubt that the defendant possessed two or more similar items. Hamilton challenges the interpretation and the instruction.

The state argues that Hamilton waived the jury instruction issue. He did not. Objections need be raised and the trial court alerted to the litigant's basis for objection in a timely fashion. "The huntsman's cry, 'Tallyho, the fox' points to the need for the knowledge of specific circumstances at hand, although all the riders in earshot know their common purpose." *Hagenkord v. State,* 94 Wis. 2d 250, 257, 287 N.W.2d 834, 838 (Ct. App. 1979), *modified,* 100 Wis. 2d 452, 302 N.W.2d 421 (1981).

In the instant case, the cry was sounded and the court ruled at a pretrial. The trial court determined that the items could be found similar and that the jury would be so instructed. This preserves the issue for appeal, even though a subsequent, identical objection was not raised at another point in the proceedings. We therefore proceed to the merits.

The interpretation of a statute is a question of law, which we review without deference to the trial court's decision. *County of Milwaukee v. LIRC,* 142

Wis. 2d 307, 310, 418 N.W.2d 35, 37 (Ct. App. 1987). Our primary recourse is to the language of the statute itself and if the language of the statute is clear, we need not resort to the rules of statutory construction. *State v. Olson,* 103 Wis. 2d 455, 460, 308 N.W.2d 917, 921 (Ct. App. 1981), *aff'd,* 106 Wis. 2d 572, 317 N.W.2d 448 (1982).

The word "similar" is not defined in sec. 943.37(3), Stats. It is variously defined as:

> Nearly corresponding; resembling in many respects; somewhat like; having a general likeness, although allowing for some degree of difference.... Word "similar" is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness to some other thing but is not identical in form and substance, although in some cases "similar" may mean identical or exactly alike. It is a word with different meanings depending on context in which it is used.

*Black's Law Dictionary* 1240 (5th ed. 1979).

Case law from other jurisdictions also sets forth definitions of the word "similar" that run the gamut from "same" or "identical" to "having a general likeness." We find, therefore, that the word "similar" can be understood in different ways by reasonable people and that the statute is therefore ambiguous. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). We resolve statutory ambiguity by looking to the scope, context, history, subject matter, and objective of the statute in our search for the intent of the legislature. *Caldwell v. Percy,* 105 Wis. 2d 354, 361, 314 N.W.2d 135, 140 (Ct. App. 1981). Further, we bear in mind the rule that penal statutes are

generally construed strictly in favor of the defendant. *State v. Clausen,* 105 Wis. 2d 231, 239, 313 N.W.2d 819, 823 (1982).

The comment to sec. 343.31, Stats., now renumbered sec. 943.37, Stats., states, in relevant part:

> In subsection (2) [now subsection (3)] possession of 2 or more similar items of personal property with the identification marks altered or removed is prima facie evidence of knowledge that this has been done and of an intent to prevent identification of the property. While a person may innocently have a refrigerator in his home with the serial number removed, there is an inference that a car dealer, who has a number of cars with the motor numbers filed off, is selling stolen cars.

1953 A.B. 100.

As Hamilton points out, the above-cited paragraph suggests that the "similarity" referred to is one of function and purpose. Our inquiry does not conclude with this observation—certainly this legislative comment need not be read as delineating the entire scope of the statute—but the comment does indicate a primary legislative concern with possession of two or more comparable items.

Turning to the scope of the statutory subsection, we note that unlike sec. 943.37(1), (2), and (4), Stats., which refer to specific items (lumber, beverage containers and animals), subsec. (3) applies to an almost limitlessly broad category—personal property. The language "similar items" appearing in the presumption appears to us as an attempt to narrow the presumption when applying it to a particular defendant and the property in his or her possession. The intended effect is to make the presumption applicable

in some, but not all, cases where two or more items of personal property are found with identifying marks removed.

We have also looked at criminal statutes from this and other jurisdictions that use the word "similar." Our research reveals that courts interpreting such statutes generally hold that "similar" means "comparable" or "substantially alike." For example, the United States Supreme Court, addressing a statute making it an offense to possess paper "similar" to that adopted by the Secretary of the Treasury for United States obligations, held that "similarity" means "resemblance." *United States v. Raynor,* 302 U.S. 540, 547 (1937). The Michigan Supreme Court, addressing a statute making it an offense to pay women less than men similarly employed, held that "similarly" means "substantially alike," *General Motors Corp. v. Read,* 293 N.W. 751, 754 (Mich. 1940). And this court, interpreting sec. 66.054, Stats., making it an offense to sell similar quantities of malt beverages at different prices, held that similar means "comparable." *State v. Kay Distrib. Co.,* 110 Wis. 2d 29, 36–37, 327 N.W.2d 188, 193 (Ct. App. 1982).

██
We conclude that within the context of a criminal statute, "similar" ordinarily entails more than incidentally shared characteristics, though less than absolute correspondence. We hold that within the context of sec. 943.37(3), Stats., items must be comparable, substantially alike or capable of standing in the place of the other before they are similar. Such a holding represents a strict construction of the criminal statute, in favor of the defendant, as mandated by *Clausen,* 105 Wis. 2d at 239, 313 N.W.2d at 823. Our holding is also consistent with the expressed legisla-

tive concern for those who innocently possess single, tampered-with items, and assists in reaching those systematically involved in a shady enterprise.

In the instant case, two of the items are "comparable" or "substantially alike." An in-car stereo and a boom box both have the same purpose: they play music from tapes and from the radio. Further, a boom box can be used in place of an in-car stereo, as it can function in a car. These two items may therefore be found "similar" within the meaning of sec. 943.37(3), Stats. We find the only dissimilarity, the hand-carrying nature of the boom box, to be inconsequential in light of the overwhelming function of the two items—a relatively small electrical component presenting music to its listener.

A jury may find a presumed fact based upon the inferences from basic facts which themselves must be proved to the jury beyond a reasonable doubt. *State v. Dyess,* 124 Wis. 2d 525, 548, 370 N.W.2d 222, 234 (1985). Here, the evidence was sufficient to support a finding, beyond a reasonable doubt, that Hamilton possessed two similar items with identifying marks altered or removed: an in-car stereo and a boom box.

"[I]nstructions must be framed in the light of the evidence; it is error to instruct on an issue that the evidence does not support." *State v. Holt,* 128 Wis. 2d 110, 127 n. 3, 382 N.W.2d 679, 688 (Ct. App. 1985). In the instant case, the jury was instructed as follows:

> If you find beyond a reasonable doubt that the defendant possessed two or more similar items or personal property with the manufacturer's identification numbers altered or removed, then you may find that the defendant knew that the num-

434

bers had been altered or removed. But you should not so find unless you are satisfied upon all of the evidence.

. . . .

If you find beyond a reasonable doubt that the defendant possessed two or more similar items of personal property with the manufacturer's identification numbers altered or removed, then you may find that the defendant intended to prevent identification of the property. But you should not do so unless you are satisfied upon all of the evidence.

As set out above, the evidence supported this instruction. The jury could find beyond a reasonable doubt that an in-car stereo and a boom box are "similar." ██

We agree with Hamilton that a microwave bears no similarity to an in-car stereo or a boom box. Its function and purpose are unrelated to the broadcasting of music. However, the challenged instruction did not suggest that the microwave was or should be the focus of the jury's attention. The instruction simply echoed the statutory language and set forth the presumption.

To the extent that the words "two *or more*" may have erroneously directed the jury's attention to the microwave, the error is harmless.[1] The test for harmless error is "whether there is a reasonable possibility that the error contributed to the conviction." *Dyess,*

[1]Error might lie in admitting evidence of the microwave at all. The court allowed such evidence, over defense counsel's continued objection, on the grounds that the presence of the microwave in defendant's possession was part of the *res gestae.* Defendant has not appealed that ruling; he appeals only the instruction, and we therefore do not address the question.

435

124 Wis. 2d at 543, 370 N.W.2d at 231–32. Such a possibility is not implicated here.

There is sufficient evidence for the jury to find that two items were similar, the in-car stereo and the boom box. We do not think it possible that a reasonable jury would conclude that the microwave was similar to the stereo and to the boom box, and convict on that basis without reference to the similarity between the two musical items.

We next address Hamilton's contention that his two-count charge under sec. 943.37(3), Stats., was multiplicious. We conclude that it was not.

Multiplicity is the charging of a single offense in separate counts. *State v. Tappa*, 127 Wis. 2d 155, 161, 378 N.W. 883, 885 (1985). Multiplicious charging is forbidden by the Wisconsin and United States Constitutions' prohibitions against double jeopardy. *Id.* Our supreme court has set forth a two-prong test for determining whether multiplicity in charging has occurred: (1) are the offenses identical in law and in fact; and (2) what is the legislative intent as to the allowable unit of prosecution under the statute in question? *State v. Rabe*, 96 Wis. 2d 48, 63, 291 N.W.2d 809, 816 (1980).

We conclude that the offenses are identical in law but not in fact. "Because defendant has been convicted of two violations of the same statute, identity of legal elements is shown." *State v. Van Meter*, 72 Wis. 2d 754, 758, 242 N.W.2d 206, 208 (1976). Each act of possessing an item with an altered serial number with knowledge and intent would constitute a legal predicate for prosecution under sec. 943.37(3), Stats. *See Tappa*, 127 Wis. 2d at 163, 378 N.W.2d at 886.

Wisconsin courts use an "additional fact" test to determine whether the offenses are identical in fact. *Id.* Our inquiry at this juncture is into "whether each count requires proof of an additional fact which the other count or counts do not." *Id.*

The state argues that charging Hamilton with possession of an altered boom box with knowledge of alteration and intent to prevent identification in count one and an altered stereo with knowledge of alteration and intent to prevent identification in count two is acceptable because the jury had to determine separately whether Hamilton possessed each one, and had separately to determine whether the identification marks on each had been removed or altered. We adopt the state's argument.

In a somewhat analogous case, the defendant was convicted of four counts of violating a city obscenity ordinance, based on her selling four different magazines at the same time and place to a single customer in one transaction. *Madison v. Nickel,* 66 Wis. 2d 71, 223 N.W.2d 865 (1974). The court stated that "[t]hose facts do not preclude a separate finding of a violation of the ordinance and a separate forfeiture on the sale of each magazine. This is because each magazine is different, and the obscenity *vel non* of each magazine must be determined independently, without regard to the others." *Id.* at 83, 223 N.W.2d at 872.

In the instant case, the jury was charged with determining whether defendant possessed each item, and whether the identifying marks had been removed or altered. These are separate factual determinations that the state had to prove independent of the other for conviction.

■
We turn next to the determination of the legislature's intent regarding the allowable unit of prosecution. Our supreme court directs us to look at four factors relevant to that determination: "(1) the language of the statute; (2) the legislative history and context of the statute; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishment for the conduct." *Manson v. State,* 101 Wis. 2d 413, 422, 304 N.W.2d 729, 734 (1981).

Hamilton primarily relies on the first factor, statutory language, to support his position that the intended unit of prosecution is the sum total of all altered property. He first points to sec. 943.37(1), (2), and (4), Stats., in which specific categories of items are mentioned in the singular:

> (1) Alters or removes any identification mark on any log or other lumber ...
> (2) Alters or removes any identification mark from any receptacle ...
> . . . .
> (4) Alters or removes livestock brands ... from any animal ....

Hamilton argues that prosecution for altering marks on "any log" or "any animal" or "any receptacle" is contemplated and, since the singular is used, the unit of prosecution is singular. He then argues that "any personal property" is plural, and that the unit of prosecution contemplated is therefore all personal property possessed.

We think, however, that the statutory subsection is written in the singular. It references personal property with the manufacturer's *number*—not numbers—removed or altered.

438

The second factor, legislative history and context of the statute, bespeaks most strongly for multiple units of prosecution. The predecessor statute, sec. 343.183, Stats. (1953), stated:

**Destruction of manufacturers' serial number.** (1) Any person who removes, defaces, alters, destroys or changes the manufacturer's serial number upon any motor vehicle as defined in section 85.10, farm machinery or other manufactured article for the purpose of concealing or misrepresenting the identity of such manufactured article, and *any person who* buys, sells, disposes of, conceals, receives, transports, *or has in his possession any* motor vehicle as defined in s. 85.10, farm machinery or *manufactured article with knowledge* that the manufacturer's serial number thereof has been removed, defaced, altered or destroyed for the purpose of concealing or misrepresenting the identity of said manufactured article, shall be fined not more than $200 or imprisoned not more than 6 months, or both such fine and imprisonment. [Emphasis added.]

Here, we see a clear legislative focus on possession of a single altered article.

The comment to what is now sec. 943.37, Stats., states that the new section is similar to the old but narrower in two respects:

343.183 *Destruction of manufacturers' serial number* was very similar to the new section except it covered only manufactured articles. Insofar as the possession of property on which the identification mark has been removed or altered is concerned, the new section is narrower in 2 respects: (1) it requires proof of an intent on the part of the possessor to prevent identification of the property;

439

and (2) to raise a prima facie case it requires proof of possession of 2 or more items of property with the identification marks removed or altered while under the old section possession of one item was sufficient.

1953 A.B. 100.

Hence, the statute was intended to be broader in one respect—the kinds of articles covered—but narrower in terms of proof. Had the legislature intended to narrow the unit of prosecution, we believe it would have so stated with equal clarity. In sum, we think the term "personal property" is no more than a broader, singular term standing in place of the narrower, singular term "manufactured article." Therefore, the unit of prosecution is defined by possession of each and every altered article of personal property.

Leaving aside for the moment the third *Manson* factor, we turn to the fourth: the appropriateness of multiple punishment. Multiple punishment is appropriate given that the legislative intent is to deter behavior making identification of property more difficult. The first paragraph of the comment to the statute states, in relevant part:

> [S]ubsection (2) covers the possession of such property if the actor both knows that the marks have been altered or removed and has an intent to prevent identification of the property. The knowledge of alteration and removal is required because thieves and receivers of stolen property desire to prevent identification of the property but, unless they know the identification marks have been removed or altered, they should not come under this section.

440

1953 A.B. 100.

As the comment clarifies, the legislature explicitly sought an additional way to reach and deter thieves and receivers of stolen property. If only a single charge and punishment is available, however, no matter how many items are possessed, thieves and receivers are encouraged, not deterred. The more they possess, the greater their potential profit, with no concomitant increase in risk. We think such a result contrary to public policy in and of itself and is certainly contrary to the intent of the legislature.

As to the third factor, the conduct proscribed, the state acknowledges that where the statute forbids "possession," a single unit of prosecution appears implicated. Though this is relevant, it is not determinative. The other factors relevant to legislative intent all indicate that multiple punishment was intended.

*By the Court.*—Judgment affirmed.