BLENSKI, Plaintiff in error, v. STATE, Defendant in error.†

No. 75-296-CR. Argued September 14, 1976.—
Decided October 5, 1976.
(Also reported in 245 N. W. 2d 906.)

† Motion for rehearing denied, without costs, on November 30, 1976.

For the plaintiff in error there were briefs by *Howard B. Eisenberg*, state public defender, and *Jack E. Schairer*, assistant state public defender, and oral argument by *Mr. Schairer*.

For the defendant in error the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HANLEY, J.   Five issues are presented on this appeal:

1.   Did the trial court lack personal jurisdiction due to improper venue?

2.   Was the complaint in case No. H–9383 sufficient?

3.   Was the evidence at trial sufficient to sustain the convictions?

4.   Do the penalty provisions of sec. 440.41 (10) (c), Stats., apply to violations of sec. 440.41 (2) ?

5.   Is sec. 440.41, Stats., unconstitutionally vague and overbroad?

*Venue.*

The defendant contends that the trial court was without jurisdiction over the person for lack of venue as to the counts for solicitation of contributions without prior registration.

Section 971.19 (1), Stats., provides that the place of trial in a criminal action should be in the county where

the crime was committed, unless otherwise provided. Section 971.19 (2), however, provides:

"Where 2 or more acts are requisite to the commission of any offense, the trial may be in any county in which any of such acts occurred."

■ The defendant argues that the offense under secs. 440.41 (2) and 440.41 (10) (c), Stats., contains only one element, the failure to file the proper information for registration with the Department of Regulation and Licensing located in Dane county. While the failure to file is a critical element, it is not the only one. We think the offense may not be committed without the act of soliciting contributions. Since two acts are required for the commission of the offense, failure to register and solicitation of charitable contributions, venue would have been proper in either Dane or Milwaukee county.

*Sufficiency of complaint.*

The defendant challenges the sufficiency of the complaint in case No. H–9383. The state objects to appellate review of the complaint's sufficiency on the ground that the defendant failed to preserve this challenge by a motion before trial. However, at his initial appearance, Blenski filed a *pro se* motion to dismiss the complaint on various grounds.

In denying the defendant's motion the trial judge, in a memorandum decision, treated the motion as a challenge to the complaint's sufficiency, stating the complaint met the test for probable cause as outlined by this court in *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 161 N. W. 2d 369. The trial court has not been denied the opportunity to correct the alleged error. The defendant adequately reserved his right to review the sufficiency of the complaint, and this issue is properly before the court.

The complaint in case No. H-9383 charged the defendant with two counts of soliciting contributions without prior registration, contrary to secs. 440.41 (2) and 440.41 (10) (c), Stats., and four counts of using names without authorization when soliciting contributions, contrary to sec. 440.41 (10).

Of the six counts, three relate to Operation Christmas Baskets on or about November 28, 1972. Count one charges the defendant for soliciting without registration, and counts three and four charge defendant for using the names of South Side Improvement Project, Rosemary Matovich—President, and Consolidated Tribes of American Indians, Mrs. Huston V. Wheelock—President, respectively, without their written consent in conjunction with Operation Christmas Baskets at that time.

The other three counts, counts two, five and six, are identical to counts one, three and four, respectively, except they relate to Operation Easter Baskets on or about April 12, 1973.

The defendant's challenge is based upon the contention that the complaint does not meet the test of sufficiency stated by this court in *Holesome v. State* (1968), 40 Wis. 2d 95, 102, 161 N. W. 2d 283:

"In order to determine the sufficiency of the charge, two factors are considered. They are, whether the accusation is such that the defendant [may] determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense."

The defendant relies upon this court's recent decision in *State v. George* (1975), 69 Wis. 2d 92, 230 N. W. 2d 253. In that case George was charged with thirty counts of commercial gambling. Twenty-nine of the counts were found to fall short of the *Holesome* test on the ground that they were either multiplicitous or duplicitous. In describing those twenty-nine counts the court stated:

"In the George Case, 29 of the 30 counts allege that George received bets for gain regularly from periods of one month to several months from September 15, 1971, to January 1, 1974. The complaints named eight individuals as the bettors. All but one of the eight bettors are named in two or more counts. Several of the counts name the same bettor for the same period of time but identify the bets as being on college football games or professional football games without any identification as to what particular college or professional game." *State v. George, supra,* at page 98.

These various counts, the court concluded, presented a problem of double jeopardy because if, as the state contended, the various counts alleged a series of continuous crimes they were multiplicitous in that they divided a single charge of continuous commercial gambling into several counts. The court further concluded that if the state did not intend each count to allege a continuous crime then they were duplicitous because each included more than one offense in a single count.

The defendant here contends that, as in *George,* the various counts of the complaint divide a single charge into several counts and therefore are multiplicitous. The assertion is directed separately at those counts relating to Operation Christmas Baskets (counts one, three and four) and separately at those counts relating to Operation Easter Baskets (counts two, five and six).

First, it is obvious that the two counts for soliciting without registration are separate and distinct from those counts for unauthorized use of names. These are clearly separate crimes containing different elements.

The remaining question of multiplicity is whether the two pairs of counts for unauthorized use of names on each of the two dates are actually two single offenses. The only difference between counts three and four and between counts five and six is the person whose name was allegedly used. The test for multiplicity is whether

each count requires proof of an additional fact which the other count or counts do not. *United States v. Leo* (E. D. Wis. 1976), 406 Fed. Supp. 1174, 1178. This test is similar to the test this court has adopted to identify a violation of the right against double jeopardy. *Anderson v. State* (1936), 221 Wis. 78, 87, 256 N. W. 210. Applying the test to counts three and four and counts five and six, however, does not easily resolve this question, for upon each count the same elements of proof are required —that the defendant used any person's name and that the person had not authorized such use. In addition, the use of names in this case is shown by the same item of proof, the receipt.

We think that a better test in a situation such as is involved here is to ascertain the legislative intent. 1 Wright, *Federal Practice and Procedure* (1969), Criminal, pp. 312, 313, sec. 142 (Rule 8). The real question is, therefore, "what is the allowable unit of prosecution?" *Bell v. United States* (1955), 349 U. S. 81, 75 Sup. Ct. 620, 99 L. Ed. 905. Did the legislature intend that the simultaneous unauthorized use of more than one person's name would constitute an offense for each name so used?

The case at bar is very similar to *Bell, supra,* where the Supreme Court held that the simultaneous transportation of two women in violation of the Mann Act could only constitute one offense where Congress had not defined its will as to the unit of prosecution. In *Bell* the Mann Act specified that it was a crime to transport in interstate commerce "any" woman or girl for an immoral purpose. The statute in this case, sec. 440.41 (10), Stats., makes it illegal to use without authorization the name of "any" other person for soliciting. In *Bell* the crime was committed by one transportation, here the names were used on one sheet of paper, the receipt.

The general purpose of sec. 440.41, Stats., is to insure that funds solicited from the public for charitable

purposes are not diverted to other uses. 60 Op. Atty. Gen. (1971), 454, 456. It logically follows, therefore, that the crime of unauthorized use of names is directed at protecting the public against being misled and not protecting the person whose name is used. This purpose does not require that liability for this crime be imposed for each individual person whose name is used, particularly where, as in this case, the unauthorized uses are simultaneously committed.

We conclude that counts three and four are multiplicitous as are counts five and six. Each of these pairs of counts should have been charged in one count of continuous unauthorized use of names.

While it appears that this same problem exists as to the five counts for unauthorized use of names in case No. I–0140, the defendant has waived any right to review by failing to raise this issue as to the complaint in that case.

The defendant also objects to the counts charging solicitation of contribution without registration, counts one and two, on the ground of duplicity. This contention, however, is without merit in light of the fact that each of these counts charge the defendant with a continuous crime.

In *State v. George, supra*, this court expressly recognized the validity of a charge of a continuous offense of commercial gambling. There may be no doubt that where an offense is composed of continuous acts it may be charged as one offense without rendering the charge duplicitous. As noted in *George*, this is a matter of election on the part of the state.

Finally, the defendant contends that the complaint does not sufficiently state the charges. A charge is sufficiently stated if it states an offense to which the defendant is able to plead and prepare a defense, and conviction or acquittal will bar another prosecution for

the same offense. *Martin v. State* (1973), 57 Wis. 2d 499, 506, 507, 204 N. W. 2d 499; *Holesome v. State, supra.* With this rule in mind, two facets of the complaint must be considered. The first is the allegation of the offenses themselves and the second is the allegation of the time the offenses took place.

Despite the fact that specific acts of solicitation of contributions are not alleged, the complaint adequately apprises the defendant of the charges of solicitation without prior registration. Counts one and two state the essential elements, failure to register and solicitation. In addition, the counts also allege whether the charge is in connection with Operation Christmas Baskets or Operation Easter Baskets. It is not necessary, particularly where the charge is for a continuous offense and is charged in the language of the statute creating it, to allege the particular circumstances of each act which makes up the offense or the manner in which the offense is committed, where the allegation contains a plain, concise statement of the elements of the offense. *See: Wilson v. State* (1973), 59 Wis. 2d 269, 274–276, 208 N. W. 2d 134; *Ledbetter v. United States* (1898), 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162.

The above is also true in respect to the charges of unauthorized use of names for soliciting contributions. Counts three, four, five and six each allege the elements of that offense, the use of the names for the purpose of soliciting contributions and the lack of written consent.

Each of the six counts, in alleging the time at which the particular offense was committed, use the language "on or about" a particular date. This form of allegation is not insufficient. Generally, where time of commission of a crime is not a material element of the offense charged, it need not be precisely alleged. *State v. George, supra,* at p. 96; 41 Am. Jur. 2d, *Indictments and Informations* p. 954, sec. 116 (1968).

The importance of a proper allegation of time is related to the potential for double jeopardy. *See: State v. George, supra,* at pp. 97, 98. It is critical that a conviction under a particular count bar another prosecution for the same offense. While in this respect it may have been a better practice for the state to allege the time of the offense as between two dates during which the solicitations took place, we think the defendant is adequately protected against double jeopardy. These counts include all the solicitation for contributions in connection with Operation Christmas Baskets in 1972 and Operation Easter Baskets in 1973. The defendant, upon conviction, may not be prosecuted again for these activities.

*Sufficiency of the evidence.*

As to the sufficiency of the evidence, the only question on appeal is whether the evidence adduced, believed, and rationally considered by the jury was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Smith v. State* (1975), 69 Wis. 2d 297, 305, 306, 230 N. W. 2d 858.

Defendant's first contention is that the state was obligated to prove that the defendant was not within any of the exceptions under sec. 440.41 (3), Stats. This section provides numerous exceptions to the registration statute, sec. 440.41 (2).

We are of the opinion that the question of whether the defendant was within one of the exceptions is a matter of affirmative defense which must be raised by the defendant. In reaching this same conclusion, the trial judge correctly noted that the exceptions are numerous and complex and located in a separate subsection. This is a situation where the evidence of the exempting fact is especially within the knowledge or control of the defendant. This court has stated:

"It is undoubtedly the general rule that the state must prove all the essential facts entering into the descrip-

tion of the offense. But it has been held in many cases that when a negation of a fact lies peculiarly within the knowledge of the defendant it is incumbent on him to establish that fact." *State v. Williamson* (1973), 58 Wis. 2d 514, 524, 206 N. W. 2d 613, quoting *Kreutzer v. Westfahl* (1925), 187 Wis. 463, 478, 204 N. W. 595.

The authorities uniformly state that no absolute rule may be devised to determine the constitutionality of imposing upon a defendant the burden of proof of a particular affirmative defense. 9 Wigmore, *Evidence* (3d ed.), p. 274, sec. 2486; McCormick, *Evidence* (2d ed. 1972), p. 788, sec. 337. On the other hand, the consideration of a great disparity in convenience of proof and opportunity for knowledge has long been recognized as a test for the allocation of the burden of proof. Furthermore, as the following references indicate, this consideration has been found most pertinent in relation to the proof of statutory exceptions such as are found in this case.

Professor Wigmore states:

"Still another consideration has often been advanced as a special test for solving a limited class of cases, i.e. the burden of proving a fact is said to be put on the *party who presumably has peculiar means of knowledge enabling* him to prove its falsity if false. This principle has received frequent application in modern statutes making it an offense to pursue a certain occupation without a *license* or forbidding a certain act unless in personal circumstances justifying an exception." 9 Wigmore, *Evidence* (3d ed. 1940), p. 275, sec. 2486.

McCormick states:

"Perhaps the controlling considerations in determining the constitutional validity of an affirmative defense . . . are still those stated by Mr. Justice CARDOZO in Morrison v. California, 291 U. S. 82, 91 (1934) :
" 'For a transfer of the burden, experience must teach that the evidence held to be inculpatory has at least a sinister significance . . . , or if this at times be lacking,

there must be in any event a manifest disparity in convenience of proof and opportunity for knowledge, as, for instance, where a general prohibition is applicable to everyone who is unable to bring himself within the range of an exception.'" McCormick, *Evidence* (2d ed. 1972), p. 831, sec. 346.

The defendant further contends that he proved himself exempt under sec. 440.41 (3) (c), Stats. He first relies upon that portion of sec. 440.41 (3) (c) which exempts from registration:

"Any charitable organization which does not intend to solicit and receive and does not actually receive contributions in excess of $500 during any 12-month period ending December 31 of any year, provided all of its fund raising functions are carried on by persons who are unpaid for such services."

Although defendant testified that he had not received money in excess of $500, the record shows that persons defendant retained to collect funds were paid one dollar for each collection they made and two dollars per day for the use of their automobile. Contrary to the defendant's contention, the exception's proviso that all fund raisers be unpaid is not limited to compensation paid on a percentage basis, but simply uses the word "unpaid." On the basis of this evidence, the jury was surely entitled to find the defendant was outside of this exception.

Next, the defendant asserts that he proved he was within the exemption of sec. 440.41 (3) (c), Stats., which states "Fraternal, civic, benevolent, patriotic and social organizations which solicit contributions solely from their membership shall not be required to register with the department." This claim is based upon the defendant's testimony that under the bylaws of his organizations, nonvoting memberships were exchanged for contributions. On cross-examination, this testimony was discredited by the defendant's admission that no written

bylaws existed. Even if this assertion were true, however, the defendant has not shown that contributions were only solicited from the membership because a person was not a member until he contributed. Thus, when the contribution was initially solicited, the person solicited was not a member. The record does not require a finding that the defendant was within this exception. No other exceptions are available to the defendant.

The record contains sufficient evidence upon which the jury could conclude that the defendant was required to file, that he did not file and that he solicited contributions. These organizations were benevolent and thus within the definition of "Charitable Organization" under sec. 440.41 (1) (a), Stats. All charitable organizations are required to register under sec. 440.41 (2) unless excepted under sec. 440.41 (3). Sonya Ellis, chief of the charitable organizations section of the Department of Regulation and Licensing, testified that the defendant's organizations were not registered.

The defendant also claims that he made a good-faith effort to register and believed that he had registered. The record, however, shows that the defendant had been informed that he was not registered. Ms. Ellis wrote to the defendant advising him that his forms were incomplete and that more information was needed before his registration could be processed. The defendant also admitted that he had been advised by the attorney general's office at least a half dozen times that he was not registered. The record does not support defendant's claim.

As to the charges for the unauthorized use of names for solicitation, the defendant contends that the state failed to show that the names were used for soliciting contributions. This contention is based upon the assertion that the names only appeared on receipts which were

received after contributions were made. Section 440.41 (10) (b), Stats., states:

"A person is deemed to have used the name of another person for the purpose of soliciting contributions if such latter person's name is listed on any stationery, advertisement, brochure or correspondence of the charitable organization or his name is listed or referred to as one who has contributed to, sponsored or indorsed the charitable organization or its activities."

The defendant's contention that the names were not used to solicit contributions is wholly without merit. The defendant testified that the purpose of the testimonials on the back of the receipt was to show contributors where their money was going. The claim that these receipts were only distributed after a contribution was made may not absolve the defendant of this unauthorized use, for the record shows that some persons contributed more than once to these organizations, and thus had been given the receipt prior to the subsequent contributions. The obvious purpose of these testimonials was to show the contributors that the money was being distributed to needy groups and thereby encourage contributions. This kind of use without authorization is the sort of activity which sec. 440.41 (10), Stats., seeks to prevent. The jury could easily find that the receipts were correspondence of the organization or that the testimonials constituted indorsements, and that therefore the defendant's conduct fell directly within the definition of use for soliciting contributions in sec. 440.41 (10) (b).

*Applicable penalty.*

The defendant argues that the penalty authorized in sec. 440.41 (10) (c), Stats., may only be applied to violations of sec. 440.41 (10) as opposed to violations of any part of sec. 440.41. Section 440.41 (10) (c) states: "Whoever violates this section may be fined not exceed-

ing $1000 or imprisoned not more than 6 months or both." The legislature by its use of the word "section" has expressly provided that these penalties are applicable to violations of any part of sec. 440.41.

*Vagueness and overbreadth.*

The defendant finally argues that sec. 440.41, Stats., is unconstitutionally vague and overbroad. This claim was never asserted by the defendant at or before trial, and the issue was not raised in the defendant's postconviction motion. Therefore, this issue is not properly before the court. In *State v. Weso* (1973), 60 Wis. 2d 404, 413, 210 N. W. 2d 442, this court again stated the rule that the constitutionality of a statute normally cannot be raised for the first time on appeal as a matter of right. Furthermore, as in *Weso* this case does not come within the exceptions involving jurisdiction of the subject matter or public policy; nor does the interest of justice require this court's discretionary reversal.

We conclude that all counts of conviction must be affirmed except those counts resulting in multiplicity, namely, counts four and six of case No. H-9383 which are reversed. The sentences imposed on these two counts were made concurrent and therefore will not require a modification of sentences imposed on counts one and two of case No. H-9383.

*By the Court.*—Affirmed in part; reversed in part.