STATE of Wisconsin, Plaintiff-Respondent,†

v.

Clint Michael OLSON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–1361–CR. Argued March 4, 1982.—Decided March 26, 1982.*

(Also reported in 317 N.W.2d 448.)

† Motion for reconsideration denied, without costs, on May 3, 1982. CECI, J., took no part.

For the defendant-petitioner there were briefs and oral argument by *John E. Tradewell,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on brief was *Bronson C. La Follette,* attorney general.

COFFEY, J.   This is a review of a decision of the court of appeals affirming a judgment and order en-

tered by the Hon. MARK J. FARNUM in the circuit court for Rock county.[1] Defendant-appellant-petitioner, Clint Michael Olson, was convicted of operating a motor vehicle without the owner's consent, contrary to sec. 943.23(1), Stats. Olson appealed alleging three errors, the first being that the complaint and information filed in the case did not confer subject matter jurisdiction on the trial court due to the state's failure to recite the nonabandonment of the vehicle within a twenty-four hour period. Olson's second and third allegations of error were that there was insufficient evidence to support either the bindover or the conviction and that the trial court erred in instructions to the jury by stating that the term "abandons" in sec. 943.23(2), requires a showing of voluntary relinquishment of possession of the vehicle. The appellate court affirmed holding that the complaint and information charging a violation of sec. 943.23(1), need not allege the nonabandonment of the vehicle without damage within twenty-four hours. The court of appeals also held that abandonment under sec. 943.23(2), must be a voluntary relinquishment of possession and thus the trial court's instruction on "abandonment" was not erroneous and further that the record contained sufficient evidence to support both the bindover and the conviction.

The record reflects that on June 30, 1979, Olson and several of his friends drove to a "swimming hole" in Evansville, Wisconsin. Later that evening, Olson's pickup truck broke down while he and two friends were returning to the defendant's home community of Stoughton, Wisconsin. Olson and his friends left the truck along the roadside and walked to Cooksville, Wisconsin, which is a few miles south of Stoughton. Upon arriving in Cooksville, Olson saw two pickup trucks parked

[1] The appellate court opinion was published at 103 Wis. 2d 455, 308 N.W.2d 917 (Ct. App. 1981).

outside of a welding repair shop. Olson walked over to the trucks and, while searching for a vehicle of conveyance, looked inside each of the vehicles for keys. At this time, his companions remained a distance away, along the side of the road. Olson noticed that the keys had been left in one of the trucks. He started the truck and drove out to the road where he picked up his friends and proceeded towards Stoughton.

At approximately the same time that Olson drove off with the truck, a neighbor informed Francis Hach, the repair shop owner, that someone had "taken off" with the truck. The police were promptly informed of the missing truck.

Shortly thereafter, Police Officer Gary E. Anderson, of the city of Stoughton, received a radio dispatch announcing the theft of the truck. The sergeant directed Anderson to check the area south of Stoughton for the vehicle.

While traveling west on Acker Road, Officer Anderson passed a truck traveling in the opposite direction which he believed fit the description of the stolen truck. Anderson made a U-turn and followed the pickup truck. He proceeded to the intersection of Taylor Lake and Acker Road and looked to the right and the left of that T-intersection because he had temporarily lost sight of the truck. Upon looking to his left, Officer Anderson noticed a glow just over the hill which he took to be red brake lights. He turned left, crested the hill and now saw the truck parked on the side of the road with its lights off.

As Officer Anderson approached the parked truck in his vehicle, he turned on his spotlights and focused them on two men fleeing off into a grassy area. Officer Anderson pulled the squad car behind the pickup truck, got out, checked the truck cab and found no one inside and proceeded to chase the two men in the field, ap-

proximately 100 yards away. When the two men were apprehended, one of them identified himself as Olson, the defendant, and admitted taking the truck to obtain a ride home.

A criminal complaint was filed in the Rock county circuit court charging Clint Michael Olson with a violation of sec. 943.23(1), Stats., operating a motor vehicle without the owner's consent: a felony. After Olson was bound over for trial following a preliminary hearing, an information was filed. At this time, Olson moved to dismiss the information arguing that the evidence presented at the preliminary examination was insufficient to support a bindover. The motion was denied by the trial court.

At trial, the defendant testified that he intended to take the truck to the outskirts of Stoughton and leave it at the side of the road and walk into town. Olson further explained that he left the truck with the keys in the ignition and had no intention to return to it. Olson also denied seeing a squad car from the time he took the truck until after the time he parked the truck on the side of the road. Further, he stated that his friends riding in the back of the truck did not inform him of any squad car in the vicinity until such time as they had gotten out of the truck and were walking down the roadway. The location where Olson parked the truck was approximately one-half mile from the Stoughton city limits and three-quarters of a mile from Olson's home.

Even though the squad car had no identifying decals, Officer Anderson did point out that the visibility was good on the night of June 30, 1979 as the area was well-illuminated with the light from the moon and stars. It was also established at trial that the squad car driven by Officer Anderson was equipped with a "visibar"

which is a rectangular bar running across the roof of the squad car containing various reflector, spot and flashing lights, together with a siren mounted thereupon, and, thus, the squad was easily identified as a police vehicle.

One of Olson's companions who had been riding in the back of the stolen truck testified that he saw the squad car slow down after passing the truck but that he did not know if it had decided to pursue them or if it was continuing in the opposite direction. He further testified that he was unsure as to whether the squad car was pursuing them at the time Olson parked the truck along the roadway. He also stated at trial that the truck was parked in the area that he believed Olson originally intended to leave it.

After a jury trial, Olson was convicted of the offense charged in the complaint and information. The court withheld sentence and imposed a one-year period of probation. Thereafter, Olson filed a motion for post-conviction relief which was subsequently denied by the trial court.

The defendant subsequently appealed both the judgment of conviction and the order denying post-conviction relief alleging that the information did not confer subject matter jurisdiction on the trial court as the state failed to allege the element of nonabandonment of an undamaged vehicle within twenty-four hours of the original taking. Olson further argued that there was insufficient evidence to sustain either the bindover or the conviction; that the district attorney misstated the law in closing arguments and that this misstatement amounted to prejudicial error.[2] As a third alleged error, Olson

---

[2] The following is the portion of the state's closing argument which Olson contends amounted to a misstatement of the law because it implied that the defendant bore the burden of proof on the issue of "non-abandonment."

contended that the trial court had erred in instructing the jury that "abandonment" as used in sec. 943.23(2),

"(Closing argument by Mr. Hayes.)

"*Court:* Keep this part of the argument on the record, Sheila.

"*Mr. Hayes:* If you become convinced that the defendant would have left that truck there even if the officer hadn't been on the scene, then you should answer that question "No".

"*Mr. Hunsader:* Objection.

"*Court:* No, I think that's a correct statement. Go ahead.

"*Mr. Hayes:* If you find that he would not have abandoned that vehicle unless the officer was on the scene, then I submit to you you have to answer that question yes.

"*Court:* The language that if they become convinced in the first instance, ladies and gentlemen, is not to be taken by you as a statement of law and this is a rather difficult matter in which we are dealing here. The State has the burden of establishing beyond a reasonable doubt that he would not have abandoned the vehicle there without damage within 24 hours of the taking. The defendant doesn't have to convince you of anything, although you may become convinced of something. And Mr. Hayes is arguing that if you become convinced, then you should answer that question no, which is correct, but the burden is not on the defendant to convince you and that must be clear, if that can be clear under these circumstances, to you.

"*Mr. Hayes:* I didn't want to leave you with that implication that the defendant has anything to prove. Because I told you on voir dire it's the State's obligation to prove the case. I think we have done it. What I'm saying is that ultimately you have to be convinced about everything here, don't you? Because you are going to be asked to make a couple of them. If you aren't convinced of anything, you aren't going to be able to make that decision. I don't think that you have a great deal of difficulty grasping that concept.

"*Mr. Hunsader:* Again, your Honor, I object. The only thing they have to be convinced of beyond a reasonable doubt that he failed to, if they aren't able to reach that decision, then the answer is no.

"*Court:* We are talking semantically, gentlemen. Counsel is telling you what he thinks the word convinced means to him as distinguishing from who have the burden of convincing. Go ahead. I think if you get off this convinced kick—

"(Continued argument by Mr. Hayes.)"

Stats., required a voluntary relinquishment of control. The appellate court affirmed the trial court holding that the complaint charging a violation of sec. 943.23(1) need not allege the defendant's failure to abandon the vehicle without damage within twenty-four hours of the original taking. The appellate court also agreed with the trial court's ruling that the court did not err in instructing the jury that "abandonment" meant a voluntary relinquishment of possession, that there was adequate evidence to sustain both the bindover and the conviction and that any error in the district attorney's closing arguments had been cured by the subsequent instruction given by the trial court.

*Issues*

1. Did the state's failure to allege the nonabandonment of the vehicle without damage within a twenty-four-hour period of the original taking deprive the trial court of subject matter jurisdiction?

2. Did the trial court err in construing the term "abandons" as used in sec. 943.23(2), Stats., as requiring a voluntary relinquishment of possession?

3. Was the evidence presented at the preliminary hearing and at trial insufficient to support the defendant's bindover and subsequent conviction for driving a motor vehicle without the owner's consent, contrary to sec. 943.23(1), Stats?

*Sufficiency of the Complaint and Information*

Olson argues that both the complaint and the information charging a violation of sec. 943.23(1), Stats., failed to confer subject matter jurisdiction on the trial court as neither the complaint nor the information alleged that he failed to abandon the vehicle without damage within a twenty-four-hour period. Olson contends that sec. 943.23(2), creates an exception to the crime defined

by sec. 943.23(1), and that the failure to allege the nonexistence of this exception renders the complaint and information void *ab initio*. Sec. 943.23, prohibits the operation of a vehicle without the owner's consent in the following manner:

"943.23 **Operating vehicle without owner's consent.** (1) Whoever intentionally takes and drives any vehicle without the consent of the owner is guilty of a Class E felony.

"(2) Whoever violates sub. (1) and abandons a vehicle without damage within 24 hours is guilty of a Class A misdemeanor."

The defendant in his brief relies on and argues that a complaint must recite the elements of a crime or it is jurisdictionally defective and void.

"A complaint which charges no offense is jurisdictionally defective and void and the defect cannot be waived by a guilty plea; the court does not have jurisdiction. *State v. Lampe* (1965), 26 Wis. 2d 646, 648, 133 N.W.2d 349; *Burkhalter v. State* (1971), 52 Wis. 2d 413, 424, 190 N.W.2d 502. Nor can a void charge sustain a verdict or a sentence based on it." *Champlain v. State,* 53 Wis. 2d 751, 754, 193 N.W.2d 868 (1972).

The defendant acknowledges that the nonabandonment of a vehicle is but an exception to and not an element of the crime of operating a motor vehicle without the owner's consent and argues that the rule that a complaint must allege the elements of a crime includes a requirement that the state negate the existence of a statutory exception to the crime.

"By a well-established rule of pleading in criminal actions, the complaint was insufficient to charge an offense under said sec. 4595, because it does not negative the exception in the statute, viz., that the selling of the intoxicating liquor, as stated in the complaint, was not 'a work of necessity or charity.'" *Jensen v. State,* 60

Wis. 577, 579, 19 N.W. 374 (1884). *See also: State v. Williamson*, 58 Wis. 2d 514, 524, 206 N.W.2d 613 (1973).

The court of appeals recognized these general rules in its decision in the case at bar but held that assuming that sec. 943.23(2), Stats., creates an exception to sec. 943.23(1), the charging documents need not negate the existence of that exception because the facts relating to the exception are peculiarly and solely within the knowledge of the defendant. The court of appeals derived the rule that the charging document need not negate a statutory exception to a crime where the facts as to the exception are peculiarly within the knowledge of the defendant from the following language in *State v. Williamson, supra:*

"The state counters that, while the general rule is that the burden of proof is upon the prosecution to prove that a defendant is not within an exception embodied in the enacting clause of a criminal statute, an exception exists where evidence of the exempting fact lies especially within the control of the defendant or peculiarly within his knowledge. We agree. Both the general rule, and the exception, are recognized in this state. This court has stated, 'It is undoubtedly the general rule that the state must prove all the essential facts entering into the description of the offense. But it has been held in many cases that when a negation of a fact lies peculiarly within the knowledge of the defendant it is incumbent on him to establish that fact. . . .' " *Id.* at 524, citing *Kreutzer v. Westfahl*, 187 Wis. 463, 478, 204 N.W. 595 (1925).

The state in its brief to this court characterizes the requirement of abandonment of a vehicle without damage within a twenty-four-hour period as an affirmative defense rather than an element of or exception to sec. 943.23(1), Stats. Since they classify this issue of non-abandonment as an affirmative defense, the state argues that there is no obligation upon the district attorney to

negate the existence of the affirmative defense in the charging document and, thus, the complaint and information were not jurisdictionally defective.

From the preceding analysis of the constructions which the parties and the court of appeals placed upon the abandonment requirement and the rules applicable to each of these constructions, it is clear that the question of whether the complaint is jurisdictionally defective depends upon how this court characterizes the abandonment requirement.

Sub. (2) of sec. 943.23, Stats., was added to the statute by chapter 173, Laws of 1977. Prior to that time, the statute read as follows:

"943.23 **Operating vehicle without owner's consent.**
"Whoever intentionally takes and drives any vehicle without the consent of the owner may be fined not more than $1,000 or imprisoned not more than 5 years or both."

From the foregoing legislative history, it is clear that prior to the enactment of sec. 943.23 (2), Stats., the provisions of sec. 943.23 (1) described all the elements of the crime and that the addition of sub. (2) was intended only to give prosecutors flexibility in charging the offense and not to create another element of the crime.[3] Sub. (2) merely describes circumstances which would reduce the penalty from a felony to a misdemeanor. Under these circumstances, we deem it appropriate to characterize the abandonment as an affirmative defense to the felony charge which must be raised by the defendant.

---

[3] The Legislative Reference Bureau's note to Senate Bill 14 January 11, 1977, concerning ch. 173, sec. 91, Laws of 1977, indicates the following:

"NOTE: Sub. (2) has been created to give prosecutors a greater flexibility in handling this type of offense. Prosecutors presently must charge a felony or use some lesser but different crime if circumstances do not warrant a felony charge."

We reached a similar result in *Blenski v. State,* 73 Wis. 2d 685, 245 N.W.2d 906 (1976) in which we determined the effect to be given to the numerous statutory exceptions to sec. 440.31, Stats., which requires registration of persons soliciting charitable contributions. In that opinion we stated:

"We are of the opinion that the question of whether the defendant was within one of the exceptions is a matter of affirmative defense which must be raised by the defendant. In reaching the same conclusion, the trial judge correctly noted that the exceptions are numerous and complex and located in a separate subsection. This is a situation where the evidence of the exempting fact is especially within the knowledge or control of the defendant." *Id.* at 697.

Like the statutory exceptions considered in *Blenski,* the abandonment of the stolen vehicle within twenty-four hours undamaged is solely within the knowledge and control of the defendant. As the court of appeals properly noted, generally the taking and abandonment of a vehicle are done stealthily and, thus, the times of taking and abandonment are peculiarly within the knowledge of the taker. Although the defendant argues that in this case there is no doubt as to the time of the taking and recovery of the automobile, we note that the knowledge of whether the defendant intended to abandon the vehicle remains solely with the defendant. Further, we point out that it takes little effort to visualize circumstances where the only available information concerning the condition of the vehicle and the time of abandonment resides in the person charged with the crime.

In addition, we note that the mitigating circumstance of abandoning the automobile, undamaged, within twenty-four hours of the original taking is located in a separate subsection of the operating a motor vehicle without the owner's consent statute. As in *Blenski, supra,* the fact

that the mitigating circumstance is located in a separate subsection of the statute supports our determination that that mitigating circumstance should be regarded as an affirmative defense and not as an element of the crime.

We conclude that the complaint and information charging a violation of sec. 943.23(1), Stats., need not allege the failure to abandon the vehicle undamaged within a twenty-four-hour period because it is an affirmative defense and, thus, we hold that the trial court had subject matter jurisdiction over the case at bar. While we have held that pleading the nonabandonment of the vehicle undamaged within twenty-four hours of the original taking is not necessary for the trial court to have subject matter jurisdiction of the case at bar, we consider it better practice for the state to plead the nonabandonment if a felony conviction is being sought. Pleading the nonabandonment of the vehicle undamaged within a twenty-four-hour period will serve the beneficial purpose of informing the defendant of all the facts underlying the charge and will allow the parties to narrow the issues to be contested at trial.

*Voluntariness of Abandonment*

The defendant has raised other issues in this appeal based in whole or in part upon the contention that the trial court erred in construing the term "abandonment" as used in sec. 943.23(2), Stats., as requiring a voluntary relinquishment of possession of the vehicle.[4]

This court recently summarized the rules to be applied when we are called upon to construe the terms of a criminal statute in the following manner:

---

[4] These issues include the sufficiency of the evidence of bindover, the validity of the jury instruction on "abandonment," and the sufficiency of the evidence to support the conviction.

"We are cognizant that any penal statute must be construed strictly in favor of the defendant, *E.g., State v. Schaller*, 70 Wis. 2d 107, 110, 233 N.W.2d 416 (1975); *State ex rel. Gaynon v. Krueger*, 31 Wis. 2d 609, 619, 143 N.W.2d 437 (1966); *State v. Wrobel*, 24 Wis. 2d 270, 275, 128 N.W.2d 629 (1964). A statute must be construed, however, in light of its manifest object, the evil sought to be remedied. 'Although we recognize the general rule relied upon by the defendants as stated in *State v. Schaller*, 70 Wis. 2d 107, 233 N.W.2d 416 (1975), that penal statutes are to be strictly construed in favor of the accused, it is equally true that this rule of construction does not mean that only the narrowest possible construction must be adopted in disregard of the purpose of the statute.' *State v. Tronca*, 84 Wis. 2d 68, 80, 267 N.W.2d 216 (1978)." *State v. Clausen*, 105 Wis. 2d 231, 239, 240, 313 N.W.2d 819 (1982).

Later in that same opinion we noted:

"In construing a statute, the entire section and related sections are to be considered in its construction or interpretation. *State v. Phillips*, 99 Wis. 2d 46, 50, 298 N.W. 2d 239 (Ct. Ap. 1980). Furthermore, a statute should be construed to give effect to its leading idea, and the and the entire statute should be brought into harmony with the statute's purpose. *Pella Farmers Mutual Insurance Co. v. Hartland Richmond Town Insurance Co.*, 26 Wis. 2d 29, 41, 132 N.W.2d 225 (1965)." *Id.* at 244.

Sec. 943.23(2), Stats., refers only to the penalty imposed for the crime of operating a vehicle without the owner's consent where the violator abandons a vehicle without damage within twenty-four hours of taking the vehicle. The Legislative Reference Bureau note cited earlier in this opinion clearly states that this lesser penalty was enacted by the legislature to allow prosecutors greater flexibility in charging the crime under circumstances which do not warrant a felony charge.[5] Circumstances warranting only a misdemeanor charge include

---

[5] *See* footnote 3.

the case where a person so frequently takes another's vehicle for a joyride not intending to permanently deprive the owner of possession and without reflecting on the serious nature of his acts. This application of the misdemeanor provision differs considerably from that which would result under the construction of the term "abandons" advocated by the defendant. Under the defendant's construction of the term "abandons," any person operating a vehicle without the owner's consent who had the foresight to leave the vehicle when his apprehension and arrest appeared imminent would fall under the lesser misdemeanor penalty although he had no intention of relinquishing possession of the vehicle if not for his imminent apprehension. Such a result is clearly contrary to the intent of the statute.

Certainly, if, after a chase and after being ordered to pull over to the side of the road, the driver steps out of the vehicle and hands the keys over to the law enforcement officer, it would be ludicrous for the defendant to argue that a party has abandoned a vehicle.

Although the defendant in the case at bar had not been apprehended by the police at the time he left the truck along the roadside, there is sufficient evidence in the record to establish that the defendant knew that a squad car had passed the truck and had identified the truck and because of this knowledge, the defendant immediately departed from the vehicle, thereby, hopefully, avoiding apprehension.

Logically, fear of apprehension is always part of the motivation for abandoning a stolen vehicle, but that fear does not necessarliy make the abandonment involuntary. We conclude that the trial court did not err in its construction of the term "abandons" because that construc-

tion advances the statutory objective of providing lesser penalties for those who choose to terminate the unauthorized use of another's vehicle while imposing greater penalties upon those whose nonconsensual use of the vehicle would not have been terminated but for the fact of their imminent apprehension.

Since we hold that the trial court did not err in construing the term "abandons" as requiring voluntary relinquishment of possession, we reject the defendant's contention that the trial court misstated the law in instructing the jury that the term "abandonment" requires that a person "desert or relinquish voluntarily" the possession.[6] While the trial court might have elaborated more fully on the meaning of the term voluntary, it is well-established that "a trial court has wide discretion in issuing jury instructions." *State v. Clausen, supra* at 240. In this case we find no abuse of that discretion.

## Sufficiency of the Evidence

Having determined that the trial court was correct in its construction of the term abandons as implying a voluntary relinquishment of possession, we proceed to address the defendant's challenges to the sufficiency of the evidence to support his bindover and subsequent conviction.

---

[6] The trial court instructed the jury on the issue of abandonment as follows:

" '[A]bandonment,' as that term is used in this question of the verdict, means to intentionally give up, desert or relinquish *voluntarily* and absolutely or to give up and forsake entirely. Abandonment requires not only the leaving of the vehicle but also that it be done with the intention of abandoning it. By that is meant that the defendant in leaving the vehicle did so for the purpose of giving up possession or in the belief that his act, if successful, would cause that result."

## A. *Bindover*

The test to be applied on review of a bindover after a preliminary examination has been summarized by this court in the following manner:[7]

" ' "The reviewing court can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence." ' " *State v. Berby*, 81 Wis. 2d 677, 684, 260 N.W.2d 798 (1978).

The defendant's challenge to the sufficiency of the evidence relates to the question of whether the defendant failed to abandon the vehicle. A review of the testimony presented at the preliminary examination, however, demonstrates that Officer Anderson testified that he passed the truck driven by the defendant and promptly made a U-turn to pursue the vehicle. Within a matter of minutes he saw the truck pull off to the side of the road and observed two individuals fleeing from that area. This testimony, when added to the totality of the circumstances, creates more than an inference that the truck had been deserted due to the defendant's fear of immediate apprehension and detention. Thus, we find that the evidence in the record supports the magistrate's exercise of discretion in binding the defendant over for trial.

---

[7] This court recently recognized two exceptions to this general standard of review in *State v. Williams*, 104 Wis. 2d 15, 310 N.W.2d 601 (1981). These exceptions apply where the principal facts are undisputed and where the trial court does not make findings of fact. Neither of these exceptions are applicable to the case at bar.

## B. *Conviction*

The defendant concedes that the evidence supports the finding that he operated a vehicle without the owner's consent. He contends, however, that there was insufficient evidence for the jury to find that he failed to abandon the vehicle beyond a reasonable doubt.

The state argues in support of the jury's determination on the abandonment issue and contends that the state was not required to prove the nonexistence of abandonment beyond a reasonable doubt, but rather, abandonment is an affirmative defense which the defense must prove. In making this argument, the state concedes that at trial it took the position that it was its burden to establish the nonabandonment and, thus, may be bound in this case by its prior position on the issue. The state challenges the court of appeals' ruling that the burden to prove nonabandonment rests with the state in all cases under sec. 943.23, Stats.

The defendant argues that the state is not entitled to raise this issue of the appropriate burden of proof on appeal because of its failure to cross-appeal in the case at bar. Since the correction of the allegedly erroneous allocation of the burden of proof on the issue of nonabandonment would sustain the judgment in this case, however, the state's failure to cross-appeal does not prevent it from raising this issue on appeal.

"Thus, even a brief review of our procedural history prior to the adoption by statute and rule of what eventually became sec. 817.12(2), Stats., 1975, shows that no special pleading was required, and no special notice needed to be given to appellant for the court to have jurisdiction to correct errors where such correction supported the judgment appealed from. We conclude that, even though we find no analogue to sec. 817.12(2) in the current statutes, it would have been sufficient to insure the review of the allegedly erroneous jury instruction for the state to merely call the alleged error to the

attention of the court in its brief. Statutory authority is unnecessary." [footnote omitted]. *State v. Alles,* 106 Wis. 2d 368, 316 N.W.2d 378 (1982).

Concerning the merits of the issue of the proper allocation of the burden of proof, both parties urge that the decisions of the United States Supreme Court in *Mullaney v. Wilbur,* 421 U.S. 684 (1975), and *Patterson v. New York,* 432 U.S. 197 (1977), control the issue and both parties claim these cases support their respective views.

Because we determine that, consistent with our decision in *Moes v. State,* 91 Wis. 2d 756, 284 N.W.2d 66 (1979), under Wisconsin law the state should assume the burden of disproving statutory defenses which have been raised and supported by the evidence in the case,[8] we do not find it necessary to address the question of whether the due process clause of the fourteenth amendment requires the state to assume the burden of proving the nonabandonment beyond a reasonable doubt. As we stated in *Moes:*

" 'The Wisconsin jury instructions recognize this burden [that the state must disprove statutory defenses which have been raised] and provide that, if the defendant introduces evidence to establish a statutory defense to criminal liability, the defendant must be found not guilty unless the jury is convinced beyond a reasonable doubt of the guilt of the defendant notwithstanding the proper defense. (footnotes omitted.)' " *Id.* at 765.

Addressing next the question of whether there was sufficient evidence to sustain the jury's finding that the

---

[8] Although sec. 943.23(2), Stats., is not expressly denominated as an affirmative defense to liability under 943.23(1), we have earlier in this opinion characterized it as an affirmative defense as regards the burden of pleading and production. Our decision concerning the applicable burden of proof is consistent with that characterization of that statutory provision.

defendant failed to abandon the vehicle, we note that our review is limited by the standard of review which has been summarized in the following manner:

"This court, like all appellate courts, accords substantial deference to the trier of fact in a criminal trial. Whether trial is before a jury or to the court, the question on appeal is not whether the reviewing court is convinced of the defendant's guilt beyond a reasonable doubt, but whether it is possible for the trier of fact, acting reasonably, to have been so convinced. *State v. Koller,* 87 Wis. 2d 253, 266, 274 N.W.2d 651 (1979). Attempting to further clarify the test, we have stated it conversely as follows: '. . . the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of the facts acting reasonably could be convinced to that degree of certitude which the law defines as "beyond a reasonable doubt." ' *Lock v. State,* 31 Wis. 2d 110, 115, 142 N.W.2d 183 (1966)." *State v. Bowden,* 93 Wis. 2d 574, 582, 288 N.W.2d 139 (1980).

The testimony of Officer Anderson at trial concerning the circumstances surrounding the defendant's apprehension and arrest is very similar to the testimony at the preliminary hearing summarized earlier in this decision and that testimony will not be repeated here. In addition to Officer Anderson's testimony, it was established at trial that the evening was bright and the moon was out and the squad car driven by Officer Anderson was equipped with a "visibar," a series of rooftop lights, reflectors and sirens commonly found on squad cars. Thus, the evidence raised the inference that the defendant saw the squad car and knew he was being pursued. Further, one of the defendant's companions testified that he was aware that they had passed a squad car and that it had slowed after passing them. The companion also testified, however, that Olson was not told that the

squad car passed until after they were out of the truck.

The totality of the circumstances and testimony created a strong circumstantial inference that the truck was left on the roadside due to the fear of imminent police apprehension. The defendant points to the testimony of the defendant and the companion that contradicted this inference to support his contention of insufficient evidence, it was the jury's prerogative, however, to choose which version of the facts it believed because "the credibility of witnesses and the weight of the evidence is peculiarly a question for the jury." *State v. Charboneau*, 82 Wis. 2d 644, 650, 264 N.W.2d 227, 230 (1978).

Based upon our review of the testimony in the case at bar, we hold that a "reasonable jury" could have been convinced beyond a reasonable doubt that the defendant had failed to abandon the vehicle. Thus, we reject the defendant's contention that the evidence was insufficient to sustain the jury verdict.

Our determination that abandonment does not require a voluntary relinquishment of possession and that the abandonment of a vehicle undamaged within twenty-four hours is an affirmative defense to be raised by a defendant disposes of the defendant's additional contention that his due process right to a fair trial was denied because he was required to bear the burden of proof as to an element of a crime and because he was not informed of the nature of the crime charged. Additionally, we agree with the court of appeals that any alleged error in the assistant district attorney's closing argument was presumptively cured by the trial court's admonitory instruction, both at the time of the alleged error and at the close of arguments.

"The court has held that prejudice to a defendant is presumptively erased from the jury's collective mind when admonitory instructions have been properly given

by the court." *State v. Williamson,* 84 Wis. 2d 370, 391, 267 N.W.2d 337 (1978), citing *Roehl v. State,* 77 Wis. 2d 398, 413, 253 N.W.2d 210 (1977).

Our examination of the record in this case reveals nothing which refutes or overcomes the presumption that the trial court's instructions, including the admonitory instruction, cured any error.

*By the Court.*—The decision of the court of appeals is affirmed.