STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel L. TAPPA, Defendant-Appellant.†

Court of Appeals

No. 84–131–CR. *Submitted on briefs October 1, 1984.—*
*Decided February 19, 1985.*
(Also reported in 365 N.W.2d 913.)

† Petition to review denied. Petition to cross-review granted.

For the appellant the cause was submitted on the briefs of *Challoner Morse McBride* and *McBride Law Offices* of Sturgeon Bay.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   Daniel Tappa appeals a judgment of conviction on three counts of theft, sec. 943.20 (1) (a), Stats., and one count of firearms possession by a convicted felon, sec. 941.29 (2), Stats.   Two of Tappa's friends stole firearms and concealed them in a car at Tappa's home for two days.   According to one of the thieves, he and Tappa then sold three of the guns in two separate transactions.   The issues are whether the evidence supports the jury's verdict, whether the court should have granted a mistrial based on improper remarks during the prosecutor's closing argument, and whether the theft statute authorizes conviction on three theft counts when one individual commits separate acts of concealing and transferring the property of another.   We conclude that the evidence supports the verdict and that a mistrial was not required.   Because the statute only authorizes one conviction for theft, however, we affirm one theft count and the possession count, and reverse the two remaining theft counts.

Both parties agree that the state's case hinged on the testimony of Tappa's alleged accomplice, Brad LaCombe. LaCombe testified that he and a friend stole the guns at Tappa's request.   They returned to Tappa's house where they left the guns in the trunk of a car.   Two

days later, LaCombe and Tappa sold three of the guns in two separate transactions.

LaCombe's testimony, supplemented by other prosecution witnesses, supports the verdict. Our review is limited to whether we can conclude, viewing the evidence in the light most favorable to the verdict, and deferring to the jury's credibility determinations, that the jury could reasonably be convinced by the evidence beyond a reasonable doubt. *State v. Daniels,* 117 Wis. 2d 9, 17, 343 N.W.2d 411, 415 (Ct. App. 1983). Tappa argues, however, that LaCombe's testimony was patently incredible and therefore could not form the factual basis for the verdict. This contention derives from LaCombe's pretrial statements that contradicted his trial testimony and contradictory testimony by another witness. Inconsistent statements, however, do not render testimony inherently or patently incredible. *Id.*

Tappa also contends that the evidence does not support the conviction for possession of firearms. His argument refers, however, to the prosecutor's limited discussion of the evidence in his closing statement. The jury was not prevented by the prosecutor's incomplete review from considering other evidence presented during the trial. This evidence was sufficient to convict Tappa of the unlawful possession count.

The prosecutor's inappropriate remarks do not merit a mistrial. In explaining LaCombe's contradictory pretrial statements, the prosecutor referred to evidence outside the record demonstrating Tappa's influence over LaCombe. After the trial court immediately admonished the jury to disregard the comments, the prosecutor apologized. We will reverse the conviction only if, without the improper remarks, the trial's outcome would

have differed. *State v. Dombrowski,* 44 Wis. 2d 486, 506, 171 N.W.2d 349, 360 (1969). Here, the prosecutor's remarks on a tangential issue, followed by the trial court's immediate admonishment, did not sufficiently prejudice Tappa to justify reversal.

Tappa next argues that his conduct constituted a single offense under sec. 943.20(1)(a). This section provides a penalty for one who "intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property." Because we cannot determine the intended unit of prosecution from this language, the statute is ambiguous and we therefore apply the rules of statutory construction.[1]

The legislative history is not helpful in construing the statute. Section 943.20 is derived from an attempt to consolidate and clarify Wisconsin's laws against larceny, embezzlement, and theft. *State v. Genova,* 77 Wis. 2d 141, 146, 252 N.W.2d 380, 383 (1977). In *Genova,* the court held, based on the legislative history, that each of the acts set forth disjunctively in sec. 943.20(1)(a) could individually support a prosecution. *Id.* at 145, 252 N.W.2d at 382. The court concluded, therefore, that the state could charge an individual under the statute who either concealed, used, retained possession, or transferred

---

[1] Tappa also raises the issue whether charging multiple counts violated the double jeopardy provisions of the state and federal constitutions by subjecting him to more than one punishment for the same crime. Because we base our reversal on statutory construction, it is unnecessary to address the issue. While the supreme court has considered double jeopardy and legislative intent as components of the same multiplicity analysis, *see State v. Rabe,* 96 Wis. 2d 48, 63, 291 N.W.2d 809, 816 (1980), we consider legislative intent to be a separate question, unrelated to the constitutionally implicated multiplicity issue.

stolen property. *See id.* at 151–52, 252 N.W.2d at 385–86. Implicit in this holding is the conclusion that one defendant may be charged with taking and carrying away, a second with use, a third with transferring, and so on, all with regard to the same property. *Genova* does not, however, answer the question whether the same defendant may be charged for these separate acts involving the same property during the same course of conduct. Our own review of the legislative history also does not resolve the issue.

Another principle in construing a statute is that the court must interpret in such a way as to avoid an absurd or unreasonable result. *Sacotte v. Ideal-Werk Krug & Priester Machinen-Fabrik,* 121 Wis. 2d 401, 406, 359 N.W.2d 393, 395 (1984). Applying a common sense analysis to the statute, it is evident that only one conviction for theft is appropriate.[2] Otherwise, absurd or unreasonable results may occur. The state's interpretation of the statute would allow separate charges for taking and carrying away, transferring, concealing, and using. Because sec. 943.20(1)(a) is intended to punish a person who misappropriates property with the intent to permanently deprive the owner, it is illogical to consider each disjunctive act by an individual as adding to the owner's harm. The more reasonable result treats as one offense under sec. 943.20(1)(a), an individual's act done during the same course of conduct demonstrating a single thought or purpose. *See United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 224 (1952); *see also State v. Jackson,* 92 Wis. 2d 1, 10–11, 284 N.W. 2d 685, 689 (Ct. App. 1979). Here, Tappa sought to ex-

---

[2] *Rabe,* 96 Wis. 2d at 70, 291 N.W.2d at 820, recognizes that we may apply a common sense approach to interpreting penal statutes.

ploit the theft of the guns, and he pursued but one course of conduct to that end.

Additionally, an ambiguous penal statute should be interpreted to favor the defendant. *State v. Bohacheff,* 114 Wis. 2d 402 417, 338 N.W.2d 466, 473 (1983). "We should not derive criminal outlawry from some ambiguous implication." *Universal C.I.T.,* 344 U.S. at 222. Our construction is consistent with this rule and allows the state to convict Tappa only once under sec. 943.20(1)(a).

The second and third counts charging violation of sec. 943.20(1)(a) are reversed. The trial court saw the problem with the multiple charges, and it considered all four counts as one count for determining the length of sentencing and made the sentences imposed for the second and third counts concurrent. It is therefore unnecessary to remand for a modification of sentence. *See Blenski v. State,* 73 Wis. 2d 685, 702, 245 N.W.2d 906, 915 (1976).

*By the Court.*—Judgment affirmed in part and reversed in part. No costs to either party.