Mr. Benjamin Southwick Corporation Counsel Richland County Courthouse 181 West Seminary Street Richland Center, Wisconsin 53581
Dear Mr. Southwick:
You ask, in effect, whether an amendment to a county zoning ordinance which "adds one new zoning district" to that ordinance necessarily constitutes a comprehensive revision requiring town board approval of the entire county zoning ordinance under the provisions of section 59.97(5)(d), Stats.
In my opinion, the answer is no.
Section 59.97 provides in part:
 (5) FORMATION OF ZONING ORDINANCE; PROCEDURE. (a) When the county zoning agency has completed a draft of a proposed zoning ordinance, it shall hold a public hearing thereon, following publication in the county of a class 2 notice, under ch. 985. After such hearing the agency may make such revisions in the draft as it shall deem necessary, or it may submit the draft without revision to the county board with recommendations for adoption. Proof of publication of the notice of the public hearing held by such agency shall be attached to its report to the county board.
 (b) When the draft of such ordinance, recommended for adoption by the zoning agency, is received by the county board, it may adopt the ordinance as submitted, or reject it, or return it to the agency with such recommendations as the county board may see fit to make. In the event of such return subsequent procedure by the agency shall be as if the agency were acting under the original directions. When adopted, duplicate copies of the ordinance shall be submitted *Page 99 
by the county clerk by registered mail to each town clerk for consideration by the town board.
 (c) A county ordinance adopted as provided by this section shall not be effective in any town until it has been approved by the town board. If the town board approves an ordinance adopted by the county board, as provided by this section, a certified copy of the approving resolution attached to one of the copies of such ordinance submitted to the town board shall promptly be filed with the county clerk by the town clerk. Such ordinance shall become effective in such town as of the date of such filing, which filing shall be recorded by the county clerk in the clerk's office, reported to the town board and the county board, and printed in the proceedings of the county board. Such ordinance shall supersede any prior town ordinance in conflict therewith or which is concerned with zoning, except as provided by s. 60.62.
 (d) The county board may by a single ordinance repeal an existing county zoning ordinance and reenact a comprehensive revision thereto in accordance with this section. "Comprehensive revision" as used herein means a complete rewriting of an existing zoning ordinance which changes numerous zoning provisions and alters or adds zoning districts. The comprehensive revision may provide that the existing ordinance shall remain in effect in a town for a period of up to one year or until the comprehensive revision is approved by the town board, whichever period is shorter. If the town board fails to approve the comprehensive revision within a year neither the existing ordinance nor the comprehensive revision shall be in force in that town. Any repeal and reenactment prior to November 12, 1965 which would be valid under this paragraph is hereby validated.
 (e) The county board may amend the regulations of an ordinance or change the district boundaries. The procedure *Page 100 
with reference to such amendments or changes shall be as follows:
 1. A petition for amendment of any county zoning ordinance may be made by any property owner in the area to be affected by the amendment, by the town board of any town wherein the ordinance is in effect; by any member of the county board or by the agency designated by the county board to consider county zoning matters as provided in sub. (2)(a). The petition shall be filed with the county clerk who shall immediately refer it to the county zoning agency for its consideration, report and recommendations. Immediate notice of the petition shall be sent to the county supervisor of any affected district. A reporting of all petitions referred under this paragraph shall be made to the county board at its next succeeding meeting.
 2. Upon receipt of such petition by such agency it shall call a public hearing thereon. Notice of the time and place of such hearing shall be given by publication in the county of a class 2 notice, under ch. 985. A copy of such notice shall be mailed by registered mail to the town clerk of each town affected by the proposed amendment at least 10 days prior to the date of such hearing. . . .
 3. Except as provided under subd. 3m, if a town affected by the proposed amendment disapproves of the proposed amendment, the town board of such town may file a certified copy of the resolution adopted by such board disapproving of the petition with the agency prior to, at or within 10 days after the public hearing. If the town board of the town affected in the case of an ordinance relating to the location of boundaries of districts files such a resolution, or the town boards of a majority of the towns affected in the case of all other amendatory ordinances file such resolutions, the agency may not recommend approval of the petition without change but may only recommend approval with change or recommend disapproval. *Page 101 
It is unclear from your inquiry exactly what you mean by the phrase "adds one new zoning district." In your opinion to the zoning committee determining that the provisions of section 59.97(5)(d) would be applicable, you state that "[t]he addition of a new zoning district to the County's current Zoning Ordinance would necessitate both the changing of at least one zoning district by the deletion of certain permitted uses from that district and the transfer of those permitted uses into the newly-created district." You then conclude that the provisions of section 59.97(5)(d) are triggered because at least "two districts would be affected" by a contemplated amendment which "adds one new zoning district." A proposed amendment which simply "change[s] the district boundaries" within the meaning of section 59.97(5)(e) would not require town board approval of the entire ordinance even though that kind of amendment also would likely affect more than one zoning district. I therefore assume from your inquiry that the proposed amendment creates a new zoning classification and that one or more unincorporated areas within the county will be rezoned from existing classifications to that new classification. See sec. 59.97(4), Stats.
A statute should be construed so as to give effect to its leading idea. State v. Olson, 106 Wis.2d 572, 585,317 N.W.2d 448 (1982). The entire section and related sections are to be considered in its construction or interpretation. State v.Clausen, 105 Wis.2d 231, 244, 313 N.W.2d 819 (1982). It should be construed in such a fashion that each part of the statute meshes with every other part so as to produce a harmonious whole.In re Marriage of Levy v. Levy, 130 Wis.2d 523, 530,388 N.W.2d 170 (1986).
When read together, the leading idea of section 59.97(5)(d) and (e) is that some form of town board approval is central to the county zoning process. Nevertheless, the requirement of town board approval of an entire county zoning ordinance is rare. Once initial town board approval of an entire county zoning ordinance is obtained under section 59.97(5)(c), subsequent approval of an *Page 102 
entire county zoning ordinance is required only in connection with a "comprehensive revision" of an existing county zoning ordinance. The first sentence of section 59.97(5)(d) indicates that such a complete rewriting occurs in conjunction with the "repeal [of] an existing county zoning ordinance." Although I do not construe this sentence to mean that the entirety of a county zoning ordinance must be repealed in order for a comprehensive revision to occur, all or a substantial portion of a county's zoning ordinance would have to be repealed or amended in order to constitute a comprehensive revision. Compare Athey v. City ofPeru, 22 Ill. App. 3d 363, 317 N.E.2d 294, 298 (1974): "A subsequent statute [or ordinance] revising the whole subject matter of a former statute [or ordinance] and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former act."
The second sentence of section 59.97(5)(d) specifically defines a "comprehensive revision" as a "complete rewriting of an existing zoning ordinance which changes numerous zoning provisions and alters or adds zoning districts." The use of the word "and" in that sentence indicates that a substantial number of zoning provisions may be changed or zoning districts altered or added without constituting a complete rewriting of a county zoning ordinance. While changes in numerous zoning provisions and the alteration or addition of zoning districts are consequences of a complete rewriting, the determinative factor under section 59.97(5)(d) is whether a complete rewriting has, in fact, occurred.
Whether an amendment to a county zoning ordinance which adds a new zoning district to that ordinance constitutes a comprehensive revision requiring town board approval of the entire county zoning ordinance depends upon the scope and effect of the amendment to the existing county zoning ordinance. If implementation of the new zoning district has the effect of amending or repealing all or substantial portions of the existing county zoning ordinance, it is conceivable that the addition of such a district might constitute a comprehensive revision of an *Page 103 
existing county ordinance. But if such an amendment requires little alteration of the existing ordinance, such an amendment is unlikely to be found to be a comprehensive revision. Where any particular ordinance amendment would fit within this continuum is an issue to be decided under the facts of each case. Such determinations are best made at the local level by the county board with the assistance of the corporation counsel.
I therefore conclude that an amendment to a county zoning ordinance which adds a new zoning district to that ordinance does not necessarily constitute a comprehensive revision requiring town board approval of the entire county zoning ordinance under the provisions of section 59.97(5)(d).
Sincerely,
 James E. Doyle Attorney General
JED:FTC:dah *Page 104